UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FEDERAL HOUSING FINANCE AGENCY, etc.,

                    Plaintiff,

          -against-

HSBC NORTH AMERICA HOLDINGS INC., et al.,

                    Defendants.

---

Other Cases Brought By This Plaintiff:

          11 Civ. 5201 (VM)
          11 Civ. 6188 (DLC)
          11 Civ. 6190 (DAB)
          11 Civ. 6192 (LAK)
          11 Civ. 6193 (PGG)
          11 Civ. 6195 (JFK)
          11 Civ. 6196 (PAC)
          11 Civ. 6198 (DAB)
          11 Civ. 6200 (RPP)
          11 Civ. 6201 (JFK)
          11 Civ. 6202 (DLC)
          11 Civ. 6203 (JSR)
          11 Civ. 6739 (PKC)
          11 Civ. 7010 (RJH)
          11 Civ. 7048 (VM)

**11 Civ. 6189 (LAK)**

**PLAINTIFF AND DEFENDANTS'
JOINT REPORT PURSUANT TO
PARAGRAPH 2 OF THE COURT'S
SEPTEMBER 16, 2011 ORDER**

Pursuant to the Court's Orders of September 16, September 21, October 11, October 17 and October 18, 2011 (the "Orders"), the parties to the above-captioned cases (the "Cases") submit this joint report "briefly describing the respects in which [they agree that] these cases are similar and the respects in which [they agree that] they differ with special attention to such matters as the likelihood that they will raise common issues of law, common issues of fact, and common issues with respect to discovery." *FHFA v. HSBC*, Order, Dkt. 4, at 1–2 (Sept. 16,

2011).[1]  Counsel for Plaintiff and counsel for the undersigned Defendants have met and

conferred, and the parties agree that there are similarities and differences across the Cases,

including issues of law, issues of fact and issues with respect to discovery, as summarized

below.[2]

## I.      FACTUAL ISSUES

The parties agree that the Cases have the similarities and differences, with respect

to issues of fact, set forth below:

### A.      Similarities

1.      FHFA, in its capacity as Conservator for government-sponsored entity Federal National Mortgage Association ("Fannie Mae") and government-sponsored entity Federal Home Loan Mortgage Corporation ("Freddie Mac," and together with Fannie Mae, the "GSEs"), is the Plaintiff in each Case;

2.      The complaints in all Cases (the "Complaints") allege misstatements and omissions in the registration statements and prospectus supplements by various entities and individuals involved in structuring residential mortgage-backed securitizations (the "Securitizations") and marketing the securities issued in connection with such Securitizations for sale to the GSEs;

3.      The alleged misstatements and omissions in each Case concern the following four categories of information:  (i) whether the loan originators failed to comply with stated underwriting guidelines; (ii) whether the offering documents contained inaccurate representations of the loan-to-value ("LTV") statistics for the mortgage loans underlying the Securitizations; (iii) whether the offering documents contain false representations of the percentage of properties underlying the

---

[1]     FHFA and Defendants are also submitting separate reports containing their respective "proposals for means by which the cases can most efficiently and conveniently be handled."  (Sept. 16, 2011 Order at 2, ¶ 3.)  Those submissions also reflect that the parties disagree over whether certain issues are similar or different across the Cases, as well as over other matters described in the respective separate submissions.  For a more complete statement of either Plaintiff's or Defendants' positions, the Court is respectfully referred to both the joint and separate reports.

[2]     The parties reserve their rights to expand, refine or otherwise modify their views as the Cases proceed.

Securitizations that were owner occupied (rather than as secondary homes or investment properties); and (iv) whether the offering documents contain misleading representations as to the credit ratings for the Securitizations;

4.      Many of the alleged misrepresentations in the offering documents across Cases are substantially similar in content and form;

5.      All Complaints seek monetary damages and rescission; and

6.      There is overlap among certain Defendants across some of the Complaints; certain financial institutions are Defendants in more than one action.

**B.      Differences**

1.      Each Complaint asserts causes of action based on different Securitizations, collateralized by different mortgage loans, underwritten by different loan originators, or by a different combination of loan originators, according to different underwriting guidelines, and marketed and sold by different Defendants or different combinations of Defendants;

2.      The GSEs purchased different amounts of the securities issued in connection with the Securitizations on different dates;

3.      The Securitizations at issue in each Case were marketed and sold pursuant to different registration statements (signed by different directors and officers) and prospectus supplements, which contained some different representations, and different degrees of alleged misstatements with respect to owner occupancy and LTV statistics;

4.      For certain of the Cases, some or all of the parties entered into tolling agreements, covering different date ranges;

5.      Factual allegations regarding control person liability vary among Defendant entities and individuals; and

6.      Six of the complaints—specifically, the Complaints against lead defendants JPMorgan Chase (11 Civ. 6188 (DLC)), Deutsche Bank (11 Civ. 6192 (LAK)), Goldman Sachs (11 Civ. 6198 (DAB)), Merrill Lynch (11 Civ. 6202 (DLC)), Morgan Stanley (11 Civ. 6739 (PKC)) and Ally Financial, Inc. (11 Civ. 7010 (RJH))—include fraud claims, with varied scienter allegations.

## II.    ISSUES OF LAW

   The parties agree that the Cases have the similarities and differences, with respect to issues of law, set forth below:

### A.    Similarities[3]

  **1.** The standing and capacity of the FHFA to bring each Case pursuant to its authority as Conservator to the GSEs;

  **2.** Each of the Complaints assert causes of action under Sections 11 and 12(a)(2) of the Securities Act of 1933; under Virginia and/or District of Columbia blue sky laws; for control person liability under Section 15 of the Securities Act; and for common law negligent misrepresentation; and

  **3.** Each of the Complaints seeks rescission of the Securitizations at issue therein, and compensatory damages for alleged financial injuries.

### B.    Differences

  **1.** In six of the 16 Cases, FHFA asserts claims for fraud and aiding and abetting fraud; the complaints in these fraud Cases seek punitive damages, and include allegations addressed to scienter for the particular Defendants in each action;

  **2.** The JPMorgan complaint includes a cause of action for successor and vicarious liability; the other Complaints do not;

  **3.** Three of the cases subject to the Orders have been removed and will be the subject of a remand application;

  **4.** Challenges to venue and/or personal jurisdiction for the individual Defendants may vary across Cases;

  **5.** The legal relevance, if any, of particular disclosures in the offering documents of the individual Securitizations may vary across Cases;

  **6.** Challenges to the sufficiency of certain defendant-specific allegations regarding involvement, participation and scienter may vary across Cases;

  **7.** Arguments concerning the sufficiency of control person allegations may vary across Cases; and

---

[3] The parties disagree about whether the Cases present additional common issues of law. A statement of each sides' position is set forth in its respective separate report.  See *supra* n. 1.

8.      Arguments concerning the effect of tolling agreements as between different parties, and for particular transactions, may vary across Cases.

## III.    ISSUES WITH RESPECT TO DISCOVERY

The parties agree that the Cases have the similarities and differences, with respect to discovery issues,[4] set forth below:

### A.    Similarities

FHFA and the Defendants will seek similar *categories* of documents and testimony with respect to the Securitizations and allegations at issue in each Case, including, but not limited to, the following:

1.      certain communications pertaining to the Securitizations;

2.      the marketing, purchase and sale of the certificates issued in each Securitization;

3.      the origination and underwriting of the mortgage loans in each Securitization;

4.      the selection of mortgage loans for inclusion in, or exclusion from, the Securitizations, and the reasons for exclusion of loans from the Securitizations;

5.      credit ratings on the securities at issue;

6.      analysis or valuation of the mortgage loans collateralizing the Securitizations, and internal analysis, market checks, evaluating reports, or analysis of the housing market;

7.      gains, losses or anticipated gains or losses, resulting from participation, interests, or positions in the underlying mortgage loans, the Securitizations, or related transactions;

8.      communications with regulators or other governmental bodies relating to the Securitizations, or the underlying mortgage loans; and

9.      the knowledge and sophistication of the GSEs, and the due diligence of the Defendants, with respect to the Securitizations, and whether

---

[4]    The parties agree that statements herein shall not waive any right or objection with respect to discovery.

Defendants or the GSEs knew of any untruth or omission alleged in the Complaints.

The parties recognize that there will likely be some overlap among the documents requested and produced, the GSE personnel that Defendants seek to depose, the personnel Plaintiff seeks to depose, and certain third parties, such as loan originators or due diligence providers, that various parties may seek to depose.  Furthermore, because Plaintiff is a party to all Cases and certain Defendants are named in multiple Cases, Plaintiff and those Defendants may produce certain documents in multiple Cases, including, but not limited to:

    (a)    specific policies and procedures that apply to multiple securitizations across Cases; and

    (b)    other documents and communications related to residential mortgage-backed securities, but not specific to any particular securitization.

**B.    Differences**

1.    The parties' discovery requests, though likely to encompass certain similar categories of information across cases (*see supra*), will necessarily be targeted to the specific Securitizations, Defendants, and GSEs at issue in each Case, including with respect to third-party discovery on loan originators and others.  Discovery requests may also be tailored to the particular loan products at issue in each Securitization.[5]

2.    Inasmuch as the Securitizations and Defendants differ in each of the Cases (and within each of the Cases), the parties' discovery in each Case will specifically involve, but will not be limited exclusively to, matters concerning the Securitizations identified in the Complaint for that Case as well as the specific interactions between each Defendant and the GSEs.

3.    Discovery requests will vary based upon the relationship among Defendants, and between each Defendant and any affiliated originators.

4.    Discovery as to controlling person liability, successor liability and, where applicable, alleged fraudulent intent, will also be case-specific.

---

[5]    The parties disagree about whether the Cases present additional common discovery issues.  A statement of each side's position is set forth in its respective separate report. See *supra* n. 1.

\*          \*          \*

      The parties would be pleased to address these topics further in any way that might

assist the Court.

Dated: October 19, 2011
      New York, New York

                    Respectfully submitted,

QUINN EMANUEL URQUHART &
  SULLIVAN, LLP

By:  /s/ Philippe Z. Selendy_____
     Philippe Z. Selendy
     (philippeselendy@quinnemanuel.com)

51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

*Attorneys for Plaintiff Federal Housing Finance
Agency in 11 Civ. 5201 (VM), 11 Civ. 6188 (DLC),
11 Civ. 6192 (LAK), 11 Civ. 6196 (PAC), and 11 Civ.
6198 (DAB)*

QUINN EMANUEL URQUHART &
  SULLIVAN, LLP

By:  /s/ Richard A. Schirtzer_____
     Richard A. Schirtzer
     (richardschirtzer@quinnemanuel.com)

51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

*Attorneys for Plaintiff Federal Housing Finance
Agency in 11 Civ. 6189 (LAK) and 11 Civ. 6201
(JFK)*

QUINN EMANUEL URQUHART &
  SULLIVAN, LLP

By:  /s/ Manisha M. Sheth_____
     Manisha M. Sheth
     (manishasheth@quinnemanuel.com)

51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

*Attorneys for Plaintiff Federal Housing Finance
Agency in 11 Civ. 6190 (DAB) and 11 Civ. 6202
(DLC)*

KASOWITZ, BENSON, TORRES &
FRIEDMAN LLP

/s/ Marc E. Kasowitz_____
Marc E. Kasowitz (mkasowitz@kasowitz.com)
Hector Torres (htorres@kasowitz.com)
Michael S. Shuster (mshuster@kasowitz.com)
Christopher P. Johnson (cjohnson@kasowitz.com)
Michael Hanin (mhanin@kasowitz.com)
Kanchana Wangkeo Leung (kleung@kasowitz.com)

1633 Broadway
New York, New York 10019

*Attorneys for Plaintiff Federal Housing Finance
Agency*

QUINN EMANUEL URQUHART &
  SULLIVAN, LLP

By:  /s/ Christine H. Chung_____
     Christine H. Chung
     (christinechung@quinnemanuel.com)

51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

*Attorneys for Plaintiff Federal Housing Finance
Agency in 11 Civ. 6193 (PGG), 11 Civ. 6195
(JFK), and 11 Civ. 6200 (RPP)*

/s/ Thomas C. Rice
Thomas C. Rice (trice@stblaw.com)
David J. Woll (dwoll@stblaw.com)
Alan C. Turner (aturner@stblaw.com)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY  10017

*Attorneys for Defendants Deutsche Bank AG, Taunus
Corporation, Deutsche Bank Securities Inc., DB
Structured Products, Inc., Ace Securities Corp., and
MortgageIT Securities Corp.*

/s/ Richard A. Spehr
Richard A. Spehr (rspehr@mayerbrown.com)
Michael O. Ware (mware@mayerbrown.com)
MAYER BROWN LLP
1675 Broadway
New York, NY  10019

*Attorneys for Defendants HSBC North America
Holdings Inc., HSBC USA Inc., HSBC Markets
(USA) Inc., HSBC Bank USA, NA., and HSI
Asset Securitization Corporation*

/s/ Jay B. Kasner
Jay B. Kasner (jay.kasner@skadden.com)
Scott Musoff (scott.musoff@skadden.com)
Robert A. Fumerton (robert.fumerton@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
Four Times Square
New York, NY  10036

*Attorneys for UBS Americas Inc., UBS Real
Estate Securities Inc., UBS Securities LLC,
Mortgage Asset Securitization Transactions,
Inc., David Martin, Per Dyrvik, Hugh Corcoran
and Peter Slagowitz*

/s/ Brad S. Karp
Brad S. Karp (bkarp@paulweiss.com)
Susanna M. Buergel (sbuergel@paulweiss.com)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019

*Attorneys for Citigroup Inc., Citigroup
Mortgage Loan Trust Inc., Citigroup Global
Markets Realty Corp., and Citigroup Global
Markets Inc.*

/s/ James P. Rouhandeh

James P. Rouhandeh (rouhandeh@davispolk.com)
Brian S. Weinstein (brian.weinstein@davispolk.com)
Daniel J. Schwartz (daniel.schwartz@davispolk.com)
Nicholas N. George (nicholas.george@davispolk.com)
Jane M. Morril (jane.morril@davispolk.com)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY  10017

*Attorneys for Defendants Morgan Stanley,
Morgan Stanley & Co. Incorporated (n/k/a
Morgan Stanley & Co. LLC), Morgan Stanley
Mortgage Capital Holdings LLC
(successor-in-interest to Morgan Stanley
Mortgage Capital, Inc.), Morgan Stanley ABS
Capital I Inc., Morgan Stanley Capital I Inc.,
Saxon Capital, Inc., Saxon Funding
Management LLC, and Saxon Asset Securities
Company, Gail P. McDonnell, Howard Hubler,
Craig S. Phillips, Alexander C. Frank, David R.
Warren, John E. Westerfield, and Steven S.
Stern*

/s/ Bruce E. Clark

Bruce Clark (clarkb@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004

Amanda F. Davidoff (davidoffa@sullcrom.com)
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, N.W.
Washington, DC  20006

*Attorneys for Defendants First Horizon
National Corporation, First Tennessee Bank
National Association, FTN Financial Securities
Corporation, First Horizon Asset Securities,
Inc., Gerald L. Baker, Peter F. Makowiecki,
Charles G. Burkett, and Thomas J. Wageman*

/s/ Penny Shane

Penny Shane (shanep@sullcrom.com)
Sharon L. Nelles (nelless@sullcrom.com)
Jonathan M. Sedlak (sedlakj@sullcrom.com)
David A. Castleman (castlemand@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004

*Attorneys for Defendants JPMorgan Chase &
Co., JPMorgan Chase Bank, N.A., J.P. Morgan
Mortgage Acquisition Corporation, J.P.
Morgan Securities LLC, J.P. Morgan
Acceptance Corporation I, Bear Stearns & Co.,
Inc., EMC Mortgage LLC, Structured Asset
Mortgage Investments II Inc., Bear Stearns
Asset Backed Securities I LLC, WaMu Asset
Acceptance Corporation, WaMu Capital
Corporation, Washington Mutual Mortgage
Securities Corporation, Long Beach Securities
Corporation, and certain of the Individual
Defendants*

/s/ David H. Braff

David H. Braff (braffd@sullcrom.com)
Brian T. Frawley (frawleyb@sullcrom.com)
Jeffrey T. Scott (scottj@sullcrom.com)
Joshua Fritsch (fritschj@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004

*Attorneys for Barclays Capital Inc. Barclays
Bank PLC, Securitized Asset Backed
Receivables LLC, Paul Menefee, John Carroll,
and Michael Wade*

10

/s/ Gerson A. Zweifach
Gerson A. Zweifach (gzweifach@wc.com)
Steven M. Cady (scady@wc.com)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC  20005

*Attorneys for Bank of America Corporation;
Bank of America, N.A.; Asset Backed Funding
Corp.; Banc of America Funding Corp.; Merrill
Lynch & Co., Inc., Merrill Lynch Mortgage
Lending, Inc., Merrill Lynch Mortgage Capital
Inc., First Franklin Financial Corp., Merrill
Lynch Mortgage Investors, Inc., Merrill Lynch
Government Securities, Inc., and Merrill Lynch,
Pierce, Fenner & Smith Inc.*

/s/ Richard H. Klapper
Richard H. Klapper (klapperr@sullcrom.com)
Theodore Edelman (edelmant@sullcrom.com)
Michael T. Tomaino, Jr. (tomainom@sullcrom.com)
Jordan T. Razza (razzaj@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004

*Attorneys for Goldman, Sachs & Co, GS
Mortgage Securities Corp., Goldman Sachs
Mortgage Company, The Goldman Sachs
Group, Inc., and Goldman Sachs Real Estate
Funding Corp.*

/s/ Richard W. Clary
Richard W. Clary (rclary@cravath.com)
Michael Reynolds (mreynolds@cravath.com)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY  10019

*Attorneys for Credit Suisse Securities (USA)
LLC, Credit Suisse Holdings (USA), Inc., Credit
Suisse (USA), Inc., DLJ Mortgage Capital, Inc.,
Credit Suisse First Boston Mortgage Securities
Corporation, Asset Backed Securities
Corporation, and Credit Suisse First Boston
Mortgage Acceptance Corporation*

/s/ Bruce E. Clark
Bruce E. Clark (clarkb@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004

Amanda F. Davidoff (davidoffa@sullcrom.com)
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, N.W.
Washington, DC  20006

*Attorneys for Defendants Nomura Securities
International, Inc., Nomura Holding America
Inc., Nomura Asset Acceptance Corporation,
Nomura Home Equity Loan, Inc., Nomura
Credit & Capital, Inc., David Findlay, John
McCarthy, John P. Graham, Nathan Gorin, and
N. Dante Larocca*

/s/ Jay B. Kasner
Jay B. Kasner (jay.kasner@skadden.com)
Scott Musoff (scott.musoff@skadden.com)
George A. Zimmerman (george.zimmerman@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
Four Times Square
New York, NY  10036

*Attorneys for SG Americas, Inc., SG Americas*
*Securities Holdings, LLC, SG Mortgage*
*Finance Corp., SG Mortgage Securities, LLC,*
*Arnaud Denis, Abner Figueroa, Tony Tusi, and*
*Orlando Figueroa*

/s/ Richard A. Spehr
Richard A. Spehr (rspehr@mayerbrown.com)
Michael O. Ware (mware@mayerbrown.com)
MAYER BROWN LLP
1675 Broadway
New York, NY  10019

*Attorneys for Ally Financial Inc., GMAC*
*Mortgage Group, Inc., Residential Capital LLC,*
*GMAC-RFC Holding Company, LLC,*
*Residential Funding Company, LLC, Ally*
*Securities, LLC, Residential Asset Mortgage*
*Products, Inc., Residential Asset Securities*
*Corporation, and Residential Accredit Loans,*
*Inc.*

/s/ Daniel C. Zinman
Daniel C. Zinman (dzinman@rkollp.com)
Neil S. Binder (nbinder@rkollp.com)
RICHARDS KIBBE & ORBE
One World Financial Center
New York, NY  10281

*Attorneys for Robert Caruso, Adam D.*
*Glassner, Juliana Johnson, Michael J. Kula,*
*William L. Maxwell, Antoine Schetritt, Matthew*
*Whalen, Donald J. Puglisi, and Paul Park*

/s/ Greg A. Danilow
Greg A. Danilow (greg.danilow@weil.com)
Vernon Broderick (vernon.broderick@weil.com)
WEIL, GOTSHAL, & MANGES LLP
767 Fifth Avenue, 25th Fl.
New York, NY  10153

*Attorneys for General Electric Company,*
*General Electric Capital Services, Inc., GE*
*Mortgage Holding, LLC, and GE-WMC*
*Securities, LLC*

/s/ Thomas C. Rice
Thomas C. Rice (trice@stblaw.com)
David J. Woll (dwoll@stblaw.com)
Alan Turner (aturner@stblaw.com)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY  10017

*Attorneys for Defendant RBS Securities Inc.*

12