UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL HOUSING FINANCE AGENCY, AS CONSERVATOR FOR THE FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>      Plaintiff,<br><br>    -against-<br><br>GENERAL ELECTRIC COMPANY, GENERAL ELECTRIC CAPITAL SERVICES, INC. d/b/a GE CONSUMER FINANCE or GE MONEY, GE MORTGAGE HOLDING, L.L.C., GE-WMC SECURITIES, L.L.C., MORGAN STANLEY & CO., INC., and CREDIT SUISSE SECURITIES (USA) LLC f/k/a CREDIT SUISSE FIRST BOSTON LLC,<br><br>      Defendants. | 11 Civ. 7048 (VM) |

**MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFF'S MOTION FOR REMAND**

                KASOWITZ, BENSON, TORRES
                 & FRIEDMAN LLP
                1633 Broadway
                New York, New York  10019
                (212) 506-1700

                *Attorneys for Plaintiff*

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................... 1

STATEMENT OF FACTS ............................................................................................................ 2

ARGUMENT .................................................................................................................................. 3

I. DEFENDANTS HAVE FAILED TO SUSTAIN THEIR
BURDEN THAT THIS ACTION IS REMOVABLE ........................................................ 4

    A. Section 22(a) Of The Securities Act of 1933 Prohibits
        Removal Pursuant To The General Removal Statute .............................................. 4

    B. Removal Is Not Permitted By The Jurisdictional Statutes
        Invoked By Defendants ............................................................................................ 7

         1. 28 U.S.C. § 1345 ............................................................................................ 7

         2. 12 U.S.C. § 1452 ............................................................................................ 8

         3. 28 U.S.C. § 1331 ............................................................................................ 9

II. FHFA SHOULD BE AWARDED FEES AND COSTS ..................................................... 9

CONCLUSION ............................................................................................................................ 11

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Anwar v. Fairfield Greenwich Ltd.*,
    676 F. Supp. 2d 285 (S.D.N.Y. 2009) ..................................................................................10

*Arabesque v. Capacity LLC*,
    07 Civ. 2042, 2008 U.S. Dist. LEXIS 19779 (S.D.N.Y. March 10, 2008) ......................... 9-10

*Breuer v. Jim's Concrete of Brevard, Inc.*,
    538 U.S. 691 (U.S. 2003) ........................................................................................................4

*Calabro v. Aniqa Halal Live Poultry Corp.*,
    650 F.3d 163 (2d Cir. 2011) ..................................................................................................10

*CALPERS v. Worldcom, Inc.*,
    368 F.3d 86 (2d Cir. 2004) ............................................................................................4, 5, 9

*Dela Rosa v. 610-620 W. 141 LLC*,
    08 Civ. 8080, 2009 U.S. Dist. LEXIS 55058 (S.D.N.Y. June 24, 2009) ...............................10

*In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*,
    488 F.3d 112 (2d Cir. 2007) ....................................................................................................3

*In re NASDQ Mkt. Makers Antitrust Litig.*,
    929 F. Supp. 174 (S.D.N.Y. 1996) ..........................................................................................3

*Kramer v. Fed. Nat'l Mortgage Assoc. (In re Fannie Mae 2008 Secs. Litig.)*,
    08 Civ. 7831, 2009 U.S. Dist. LEXIS 109888 (S.D.N.Y. Nov. 24, 2009) ..........................5, 6

*Martin v. Franklin Capital Corp.*,
    546 U.S. 132 (2005) ................................................................................................................9

*Milton R. Barrie Co., Inc. v. Levine*,
    390 F. Supp. 475 (S.D.N.Y. 1975) ..........................................................................................5

*Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp.*,
    632 F.3d 762 (1st Cir. 2011) ...................................................................................................6

*United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props.
    Meriden Square, Inc.*,
    30 F.3d 298 (2d Cir. 1994) ......................................................................................................3

*Villano ex. rel. Villano v. Kohl Dep't Stores, Inc.*,
    362 F. Supp. 2d. 418 (S.D.N.Y. 2005) ....................................................................................3

**STATUTES**

12 U.S.C. § 1452 .......................................................................................................... 3, 7, 8

12 U.S.C. § 4617(f) ............................................................................................................ 9

15 U.S.C. § 77p(c) .............................................................................................................. 5

15 U.S.C. § 77v(a) ....................................................................................................... *passim*

28 U.S.C. § 1331 ............................................................................................................. 3, 9

28 U.S.C. § 1332(c) ........................................................................................................... 7

28 U.S.C. § 1345 ............................................................................................................ 3, 7

28 U.S.C. § 1441(a) ..................................................................................................... *passim*

28 U.S.C. § 1441(b) ........................................................................................................ 4, 7

28 U.S.C. § 1442 ................................................................................................................ 8

28 U.S.C. § 1447(c) ..................................................................................................... 1, 3, 9

Plaintiff Federal Housing Finance Agency ("Plaintiff" or "FHFA"), as Conservator for the Federal Home Loan Mortgage Corporation ("Freddie Mac"), submits this memorandum of law in support of its motion pursuant to 28 U.S.C. § 1447(c), for an order (i) remanding this removed action (the "Action") to the Supreme Court of the State of New York, New York County, and (ii) awarding Plaintiff the attorneys' fees, costs and expenses it incurred as a result of this removal.

## PRELIMINARY STATEMENT

Defendants[1] have failed entirely to meet their burden of showing that removal was proper pursuant to 28 U.S.C. § 1441 -- the general removal statute invoked in their Notice of Removal -- or on any other basis. In an effort to evade the strict anti-removal provision of Section 22(a) of the Securities Act of 1933 ("'33 Act"), Defendants conflate the requirements for *removal* jurisdiction and *original* jurisdiction. The law is clear: although removal premised on the federal court's original jurisdiction is ordinarily permitted under Section 1441, Section 22(a) is an express exemption from the removal statute's reach in cases asserting claims under the '33 Act. As a result, Defendants' arguments as to why this Court may have original jurisdiction over the Action -- including that Plaintiff is an agency of the United States and actions to which Freddie Mac is a party arise under federal law -- are entirely beside the point. Plaintiff has asserted causes of action under the '33 Act and therefore the Action cannot be removed to federal court. Accordingly, this Court should remand the Action to state court, and Plaintiff should be awarded the costs and expenses incurred as a result of Defendants' baseless removal.

---

[1] "Defendants" refers to the removing defendants, which consist of: General Electric Company, General Electric Capital Services, Inc., GE Mortgage Holding, L.L.C., and GE-WMC Mortgage Securities, L.L.C. The remaining defendants have consented to removal. *See* October 7, 2011 Notice of Consent to Removal of Civil Action filed by Credit Suisse Securities (USA) LLC; October 7, 2011 Notice of Consent in the Removal of this action filed by Morgan Stanley & Co. Inc.

1

**STATEMENT OF FACTS**

On September 2, 2011, FHFA commenced this Action in the Supreme Court of the State of New York, against issuers, depositors, sponsors, and/or underwriters of residential mortgage-backed securities ("RMBS"), control persons thereof, or signatories of registration statements pursuant to which RMBS were purchased by Freddie Mac in two securitizations on September 28, 2005 and December 19, 2005 ("Certificates").[2] Compl. ¶¶ 1-3, 9. The Complaint asserts causes of action under state law for negligent misrepresentation, the blue sky laws of Virginia, and claims under Sections 11, 12 and 15 of the '33 Act.

The Complaint alleges, among other things, that the materials used to offer and sell the Certificates to Freddie Mac contained untrue or misleading statements and material omissions concerning the mortgage loans underlying the Certificates, including: (i) the loan originators' purported compliance with the underwriting guidelines; (ii) the percentage of loans secured by owner-occupied properties; (iii) the loan-to-value ratios of the mortgage loans; and (iv) the credit rating for each tranche of Certificates purchased by Freddie Mac. Compl. ¶¶ 4-8. Freddie Mac purchased more than $549 million face amount in Certificates, and has incurred substantial losses on the Certificates as a result of Defendants' misconduct. Compl. ¶¶ 2, 10. Plaintiff, in its statutorily-mandated role as Conservator, now seeks rescission and damages for those losses. Compl. ¶ 10.

---

[2] FHFA commenced three other actions in state court concerning other securitizations: *FHFA v. Countrywide Financial*, Index No. 652436/2011 (N.Y. Sup. Ct.) (removed September 30, 2011, to S.D.N.Y., 11 Civ. 6916 (Rakoff, J.) (motion to remand filed October 18, 2011)); *FHFA v. Ally Financial Inc., f/k/a GMAC, LLC*, Index No. 652441/2011 (N.Y. Sup. Ct.) (removed October 6, 2011, to S.D.N.Y., 11 Civ. 7010 (Holwell, J.) (motion to remand filed simultaneously herewith)); *FHFA v. Morgan Stanley*, Index No. 652440/2011 (N.Y. Sup. Ct.) (removed September 26, 2011, to S.D.N.Y., 11 Civ. 6739 (Castel, J.) (motion to remand filed October 26, 2011)).

On October 6, 2011, Defendants removed this Action to federal court pursuant to 28 U.S.C. §§ 1441(a) and (b), asserting that this Court has original jurisdiction under 28 U.S.C. § 1345 (United States as a plaintiff), 12 U.S.C. § 1452 (Freddie Mac's charter), and 28 U.S.C. § 1331 (federal question jurisdiction). As shown below, none of these statutes provide an exclusive, valid basis for removal, and the Action should be remanded to state court.

## ARGUMENT

A party seeking to remove an action from state to federal court bears the burden of showing that removal was proper. *See United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). "Removal jurisdiction is strictly construed inasmuch as it implicates significant federalism concerns and abridges the deference courts generally give to plaintiff's choice of forum." *Villano ex. rel. Villano v. Kohl Dep't Stores, Inc.*, 362 F. Supp. 2d 418, 419 (S.D.N.Y. 2005). On a motion for remand, "all disputed questions of fact and controlling substantive law" must be construed in favor of the plaintiff. *In re NASDQ Mkt. Makers Antitrust Litig.*, 929 F. Supp. 174, 178 (S.D.N.Y. 1996). "[O]ut of respect for the limited jurisdiction of the federal courts and the rights of states, [courts] must resolve any doubts against removability." *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (internal quotation marks omitted). "If at any time before final judgment it appears that the district lacks subject matter jurisdiction, the case shall be remanded," and an order remanding "may require payment of just costs and any actual expenses." 28 U.S.C. § 1447(c).

3

I.   **DEFENDANTS HAVE FAILED TO SUSTAIN
     THEIR BURDEN THAT THIS ACTION IS REMOVABLE**

   A.   **Section 22(a) Of The Securities Act Of 1933 Prohibits
        <u>Removal Pursuant To The General Removal Statute</u>**

Section 1441(a) of Title 28 of the United States Code -- the general removal statute -- states: "***Except as otherwise expressly provided by Act of Congress***, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States . . . ." (emphasis added).  When original jurisdiction is "founded on a claim or right arising under the Constitution, treaties or laws of the United States," the action is removable regardless of the citizenship or residence of the parties.  28 U.S.C. §1441(b).  If original jurisdiction is *not* premised on federal question jurisdiction, however, the action is removable only if none of the defendants is a citizen of the State in which such action is brought.  *See id.*

The Supreme Court has held that the "express exemption requirement" in Section 1441(a) must be taken seriously, as "underscored by examples of indisputable prohibitions of removal in a number of [] statutes," including Section 22(a).  *See Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 696 (U.S. 2003) (addressing whether Fair Labor Standards Act prohibits removal and citing Section 22(a) as an example of statute containing "indisputable prohibition of removal").  "When Congress has wished to give plaintiffs an absolute choice of forum, it has shown itself capable of doing so in unmistakable terms."  *Id.* at 697 (internal quotations omitted). Section 22(a) of the '33 Act is just such an "Act of Congress" because it provides that, except for covered class actions, "***no case*** arising under this title [] and brought in any State court of competent jurisdiction shall be removed to any court of the United States."  15 U.S.C. § 77v(a) (emphasis added).  *See also CALPERS v. Worldcom, Inc.*, 368 F.3d 86, 105 (2d Cir. 2004)

4

(individual claims brought under the '33 Act are expressly non-removable under § 1441); *Milton R. Barrie Co., Inc. v. Levine*, 390 F. Supp. 475, 477 (S.D.N.Y. 1975) (same).

Plaintiff brought claims under Sections 11, 12, and 15 of the '33 Act in a state court of competent jurisdiction.  Section 22(a), therefore, deprives this Court of jurisdiction even if it would have had original jurisdiction in the first instance had Plaintiff commenced the Action in federal court.  *See Worldcom*, 368 F.3d at 105.  This Court should remand the Action on this basis alone.

Citing one unpublished (and non-binding) decision, Defendants argue that Congress' explicit intent to prohibit removal of securities claims, except under certain circumstances not applicable here, should be ignored.  *See* Notice of Removal at ¶¶ 15-19 (citing *Kramer v. Fed. Nat'l Mortgage Assoc. (In re Fannie Mae 2008 Secs. Litig.)*, 08 Civ. 7831, 2009 U.S. Dist. LEXIS 109888 (S.D.N.Y. Nov. 24, 2009)).  However, *Kramer* is wholly inapposite because it merely stands for the proposition that federal courts have exclusive jurisdiction over securities class actions under the Securities Litigation Uniform Standards Act ("SLUSA"), and covered class actions are *expressly* exempted from Section 22(a).  *See* 15 U.S.C. § 77v(a) ("Except as provided in section 16(c), no case arising under this title . . . shall be removed . . ."); 15 U.S.C. § 77p(c) ("Any covered class action . . . shall be removable").

In *Kramer*, the plaintiff moved to remand the removed action on the basis that the SLUSA amendments did not apply to class actions asserting federal, as opposed to state, securities law claims, and that therefore Section 22(a)'s anti-removal provision still applied.  2009 U.S. Dist. LEXIS 109888, at *7-8.  The court disagreed, holding that class actions alleging '33 Act claims were covered by SLUSA, and declined to remand the case because it "would defeat the chief goal of SLUSA" -- "to make federal courts the exclusive venue for securities

class actions," and "would also lead to an anomalous result: state courts could entertain federal securities class actions but could not entertain state securities class actions." *Id.* at *9-10. Removal *in class actions* was proper, the court found, because state courts were no longer "courts of competent jurisdiction" after SLUSA. *See id.* at *10. While the court also held that Fannie Mae's charter provided a basis for original jurisdiction, the court simply did not address -- let alone decide -- whether Section 22(a) deprives a federal court of any jurisdiction conferred by an authorizing statute, such as Fannie Mae's charter. Where, as here, no exception to Section 22(a) such as SLUSA applies, removal is precluded. Moreover, giving effect to Plaintiff's choice of forum (on behalf of Freddie Mac) is entirely consistent with *Kramer*'s decision to permit Fannie Mae, another government-sponsored entity, to litigate the case in a forum of its choice.

Defendants' reliance on *Plumbers' Union Local Number 12 Pension Fund v. Nomura Asset Acceptance Corporation*, 632 F.3d 762, 767-68 (1st Cir. 2011), is also misplaced. *See* Notice of Removal at ¶ 19. In *Plumbers' Union*, plaintiffs' failure to object to removal based on Section 22(a) until after the complaint had been dismissed resulted in a waiver of the argument. 632 F.3d at 767. The court reasoned that "[i]t makes far more sense to view section 22 as creating a waivable right to insist on non-removal. That course achieves the statute's aim to protect the plaintiff's preference for a state forum, but it prevents the mischief of allowing a party to sit on an objection, raising it only when the objector is dissatisfied with the result." *Id.* at 768. Here, any such waiver argument would be meritless because Plaintiff has timely moved for remand "to protect [FHFA's] preference for a state forum."

6

**B. Removal Is Not Permitted By
The Jurisdictional Statutes Invoked By Defendants**

The other statutes cited by Defendants either solely confer subject matter jurisdiction, and are similarly trumped by the anti-removal provision in Section 22(a), or confer no original jurisdiction.

**1.   28 U.S.C. § 1345**

First, Defendants argue that 28 U.S.C. § 1345 is a basis for this Court's original jurisdiction. Notice of Removal at ¶¶ 12-13. While this section provides non-exclusive subject matter jurisdiction over cases commenced by federal agencies, it is not a basis for removal jurisdiction. Under Section 1345, "*[e]xcept as otherwise provided by Act of Congress*, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress." 28 U.S.C. § 1345 (emphasis added). Even if Section 1345 could somehow be construed to permit removal by a non-government defendant, once again Section 22(a) would trump, in light of the express carve out for Acts of Congress in Section 1345.

In addition, Section 1345 cannot serve as a basis for removing this Action because two Defendants are citizens of New York. Pursuant to 28 U.S.C. § 1441(b), where original jurisdiction is *not* founded on a claim or right arising under the Constitution, treaties, or laws of the United States, the action is removable "only if none of the . . . defendants is a citizen of the State in which such action is brought." The citizenship provision applies because 12 U.S.C. § 1452(f)(2) -- the provision Defendants cite as providing a basis for removal jurisdiction -- establishes only that "civil actions" in which Freddie Mac is a party shall be deemed to arise under the laws of the United States; it does not establish that the action is founded upon a "claim or right" arising under federal law. Under 28 U.S.C. § 1332(c)(1), a corporation is a citizen of

7

the state where it is incorporated and the state where it has its principal place of business.  New York is the principal place of business of Defendants Morgan Stanley & Co., Inc. and Credit Suisse Securities (USA) LLC.  Accordingly, even if Section 22(a) did not bar removal, no basis exists for removal under Section 1441.

### 2.     12 U.S.C. § 1452

Defendants' reliance on 12 U.S.C. § 1452 is similarly unsound.  *See* Notice of Removal ¶ 14.  Section 1452(f) states, in relevant part (emphasis added):

> (1) the Corporation [Freddie Mac] shall be deemed to be an agency included in sections 1345 *and 1442* of such title 28; (2) all civil actions to which the Corporation is a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such actions, without regard to amount or value; and (3) any civil or other action, case or controversy in a court of a State, or in any court other than a district court of the United States, to which the Corporation is a party may at any time before the trial thereof be removed *by the Corporation*, without the giving of any bond or security, to the district court of the United States . . . .

Although Freddie Mac's charter contains a jurisdictional provision conferring non-exclusive original jurisdiction over "all civil actions to which [Freddie Mac] is a party," 12 U.S.C. §1452(f)(2), that section is not an independent basis for removal, but rather a predicate for removal under the general removal statute, 28 U.S.C. § 1441.  As discussed above, Section 22(a) trumps the removal statute and expressly bars removal of this Action.  The one-way removal option granted to Freddie Mac further confirms that Defendants are not permitted to remove an action based on Freddie Mac's charter.  The charter provides both that Freddie Mac "shall be deemed to be an agency included in section[] . . . 1442," which permits "[a] civil or criminal prosecution commenced in a State court against" federal officers or agencies to "be removed *by them* to the district court." 28 U.S.C. § 1442(a) (emphasis added).  Moreover, the charter provides that "any civil or other action . . . to which the Corporation is a party may . . . be removed *by the Corporation* . . . ." 12 U.S.C. §1452(f)(3) (emphasis added).  Nothing in this

8

language authorizes removal of a state court action where Freddie Mac is the plaintiff. Enabling removal by other parties based on Freddie Mac's authorizing statute would subvert the clear statutory language and disregard the intent of Congress that Freddie Mac could pursue litigation in a state or federal forum.[3]

### 3. 28 U.S.C. § 1331

Any contention that federal question jurisdiction under 28 U.S.C. § 1331 can be premised on Plaintiff's federal securities claims (as opposed to solely Freddie Mac's charter) would be meritless because Section 22(a) expressly prohibits removal of those very claims. *See* 28 U.S.C. § 1441(a); *Worldcom*, 368 F.3d at 101.

## II. FHFA SHOULD BE AWARDED FEES AND COSTS

In cases where the removing party lacks an "objectively reasonable basis for seeking removal," *see Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005), courts may award the payment of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal," 28 U.S.C. § 1447(c). Such awards are appropriate in removals that -- like the removal here -- unnecessarily prolonged litigation and imposed costs on the opposing party. *See Martin*, 546 U.S. at 140.

FHFA should be awarded its fees and costs here because Defendants have failed to -- and cannot -- identify any objectively reasonable basis for removal in light of the clear statutory removal prohibition of Section 22(a). Moreover, Defendants certainly have presented no novel issues of interpretation that would cause the Court to question the applicability of the Section 22(a) to bar removal in this Action. *Compare Arabesque v. Capacity LLC*, No. 07 Civ. 2042,

---

[3] Moreover, the fact that Freddie Mac is authorized "to sue and be sued, complain and defend, in any State, Federal, or other court" confirms that Freddie Mac has its choice of forum. It may also be inferred from the jurisdictional limitation provision of HERA, 12 U.S.C. § 4617(f), that Congress intended when acting as Conservator, as it is here, the Plaintiff has been authorized to select its own forum.

2008 U.S. Dist. LEXIS 19779, at *4-5 (S.D.N.Y. March 10, 2008) (granting fees because Second Circuit "precedent clearly holds that citizenship for LLCs is determined based on the individual members of the LLC," leaving defendant with no objectively reasonable basis for seeking removal), *with Anwar v. Fairfield Greenwich Ltd.*, 676 F. Supp. 2d 285, 290-91, 301 (S.D.N.Y. 2009) (denying fees where defendants' removal raised novel issues of law that required interpretation of a recently-enacted federal statute that lacked any clear Second Circuit authority addressing these issues).

      Accordingly, Plaintiff should be awarded the fees and costs incurred in connection with Defendants' improper removal. *See Calabro v. Aniqa Halal Live Poultry Corp.*, 650 F.3d 163, 166 (2d Cir. 2011) (affirming award of fees because defendant's purported basis for removal was objectively unreasonable); *Dela Rosa v. 610-620 W. 141 LLC*, No. 08 Civ. 8080, 2009 U.S. Dist. LEXIS 55058, at *16 (S.D.N.Y. June 24, 2009) (awarding fees to plaintiff because "reasonable inquiry into the applicable law would have revealed that the statutory criteria for removing th[e] action to federal court were not satisfied").

**CONCLUSION**

Based on the foregoing, Defendants have failed to satisfy their burden of establishing that removal was proper. Because Defendants' purported grounds for removal are objectively unreasonable, this Court should remand this Action to the Supreme Court of the State of New York, from which it improperly was removed, and grant Plaintiff its attorneys' fees and costs associated with this motion.

DATED:	New York, New York
	November 7, 2011

                KASOWITZ, BENSON, TORRES
                 & FRIEDMAN LLP


                By: /s/ Marc E. Kasowitz
                    Marc E. Kasowitz (mkasowitz@kasowitz.com)
                    Hector Torres (htorres@kasowitz.com)
                    Michael S. Shuster (mshuster@kasowitz.com)
                    Christopher P. Johnson (cjohnson@kasowitz.com)
                    Charles M. Miller (cmiller@kasowitz.com)
                    Michael A. Hanin (mhanin@kasowitz.com)
                    Kanchana Wangkeo Leung (kleung@kasowitz.com)

                    1633 Broadway
                    New York, New York 10019
                    (212) 506-1700

*Attorneys for Plaintiff Federal Housing Finance Agency, as Conservator for the Federal Home Loan Mortgage Corporation*