UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL HOUSING FINANCE AGENCY, AS CONSERVATOR FOR THE FEDERAL HOME LOAN MORTGAGE CORPORATION, <br><br> Plaintiff, <br><br> -against- <br><br> GENERAL ELECTRIC COMPANY; GENERAL ELECTRIC CAPITAL SERVICES, INC., d/b/a GE CONSUMER FINANCE or GE MONEY; GE MORTGAGE HOLDING, L.L.C.; GE-WMC SECURITIES, L.L.C.; MORGAN STANLEY & CO., INC.; and CREDIT SUISSE SECURITIES (USA) LLC f/k/a CREDIT SUISSE FIRST BOSTON LLC, <br><br> Defendants. | 11 Civ. 7048 (DLC) |

**THE GE DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION FOR REMAND**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................ 1

BACKGROUND ....................................................................................................................... 4

ARGUMENT .......................................................................................................................... 6

I.     PLAINTIFF'S MOTION FOR REMAND SHOULD BE DENIED BECAUSE
THE ACTION WAS PROPERLY REMOVED ............................................................. 6

      A.     This Court Has Subject Matter Jurisdiction Over the Action .............................. 6

      B.     Section 22(a) Does Not Require Remand ............................................................ 9

II.     FHFA IS NOT ENTITLED TO COSTS AND EXPENSES ......................................... 15

CONCLUSION ..................................................................................................................... 16

## **TABLE OF AUTHORITIES**

***Cases:***                                                                                                    ***Page(s):***

*Am. Int'l Grp., Inc. v. Bank of Am. Corp.*,
    No. 11 Civ. 6212, 2011 U.S. Dist. LEXIS 122687 (S.D.N.Y. Oct. 20, 2011) .................12

*Arabesque v. Capacity L.L.C.*,
    No. 07 Civ. 2042, 2008 U.S. Dist. LEXIS 19779 (S.D.N.Y. Mar. 10, 2008) ..................16

*Arrow Fin. Servs., L.L.C. v. Massil*,
    No. 08-cv-437, 2009 U.S. Dist. LEXIS 10255 (E.D.N.Y. Feb. 9, 2009) .........................10

*Brockman v. Marabank*,
    40 F.3d 1013 (9th Cir. 1994) ...........................................................................................7

*Calabro v. Aniqa Halal Live Poultry Corp.*,
    650 F.3d 163 (2d Cir. 2011)...........................................................................................16

*Colo. River Water Conservation Dist. v. United States*,
    424 U.S. 800 (1976) .......................................................................................................12

*Dela Rosa v. 610-620 W. 141 L.L.C.*,
    No. 08 Civ. 8080, 2009 U.S. Dist. LEXIS 55058 (S.D.N.Y. June 24, 2009) .................16

*First Nat'l Bank of Pulaski v. Curry*,
    301 F.3d 456 (6th Cir. 2002) ..........................................................................................10

*Gallagher v. Donald*,
    803 F. Supp. 899 (S.D.N.Y. 1992)...................................................................2, 9, 10, 11

*Gay v. Aramark Unif. & Career Apparel, Inc.*,
    No. H-07-1161, 2007 U.S. Dist. LEXIS 37171 (S.D. Tex. May 22, 2007).......................8

*Highland Crusader Offshore Partners, L.P. v. Motient Corp.*
    No. A-06-CA-540 LY, 2006 U.S. Dist. LEXIS 84028 (W.D. Tex. Nov. 17, 2006) .........10

*Igolnikov v. Mallah Org., Inc.*,
    No. 92 Civ. 7199, 1993 U.S. Dist. LEXIS 8466 (S.D.N.Y. June 18, 1993) ....................11

*Kramer v. Fannie Mae (In re Fannie Mae 2008 Sec. Litig.)*,
    No. 09 Civ. 1352, 2009 U.S. Dist. LEXIS 109888 (S.D.N.Y. Nov. 24, 2009) .3, 13, 14, 15

*Lower Manhattan Dialysis Ctr., Inc. v. Lantz*,
    No. 07 Civ. 6903, 2007 U.S. Dist. LEXIS 70741 (S.D.N.Y. Sept. 25, 2007) ..................16

*Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp.*,
632 F.3d 762 (1st Cir. 2011)................................................................................9

*Spring Garden Assocs., L.P. v. Resolution Trust Corp.*,
26 F.3d 412 (3d Cir. 1994)...............................................................................7, 8

### *Statutes*:

12 U.S.C. § 1452 ....................................................................................... passim

12 U.S.C. § 4511 ..................................................................................................8

12 U.S.C. § 4617 ..................................................................................................4

28 U.S.C. § 1441 ....................................................................................... passim

28 U.S.C. § 1331 ..................................................................................................8

28 U.S.C. § 1345 .....................................................................................1, 7, 8, 11

Housing and Economic Recovery Act of 2008, Pub. L. No. 110-289, 122 Stat. 2654
(codified at 12 U.S.C.S. §§ 4501-4642).............................................................4

Defendants General Electric Company, General Electric Capital Services, Inc., GE Mortgage Holding, L.L.C., and GE-WMC Mortgage Securities, L.L.C. (sued incorrectly as GE-WMC Securities, L.L.C.) (collectively, the "GE Defendants"), by and through their undersigned counsel, respectfully submit this Memorandum of Law in Opposition to Plaintiff's Motion for Remand.

## PRELIMINARY STATEMENT

This action was properly removed to, and belongs in, this Court.[1]

As set forth below, this Court has subject matter jurisdiction over this case under the laws of the United States for several independent reasons.  This Court has jurisdiction over this case pursuant to the congressional charter of the Federal Home Loan Mortgage Corporation ("Freddie Mac"), on whose behalf this action is brought.  That charter provides that all actions in which Freddie Mac is a party, whether as plaintiff or defendant, "shall be deemed to arise under the laws of the United States."  12 U.S.C. § 1452(f)(2).  This Court also has jurisdiction over this case under 28 U.S.C. § 1345, which grants federal district courts jurisdiction over all civil actions in which the plaintiff is a federal agency included in that provision, because both the Federal Housing Finance Agency ("FHFA") and Freddie Mac are federal agencies included in that provision.  In fact, on the very same day that FHFA filed this action, it commenced 12 substantially similar cases in this federal judicial district.  In each of these actions, FHFA pleaded subject matter jurisdiction based on, *inter alia*, Section 1345.  Finally, this Court has jurisdiction over this action, because it arises under the laws of the United States by reason of the "sue or be sued" provision of Freddie Mac's congressional charter.

---

[1] References to "Ex. __" are to the accompanying declaration of Greg A. Danilow, dated December 2, 2011.

Because this Court has jurisdiction over this case without regard to FHFA's claims against the GE Defendants under the Securities Act of 1933 (the "Securities Act"), this case is removable pursuant to 28 U.S.C. § 1441(b).

Nevertheless, in its motion, FHFA contends that, because it has asserted claims under the Securities Act, Section 22(a) of that statute permits FHFA to avoid having a federal district court decide this case.  FHFA is wrong as a matter of law.  Section 22(a) neither divests this Court of subject matter jurisdiction nor overrides the congressional schemes, enacted many years after the Securities Act, that are designed to ensure a federal forum for all actions filed by FHFA or Freddie Mac.  The application of these jurisdiction granting statutory provisions does not in any way turn on the nature of the claims asserted by or against FHFA and Freddie Mac.  Both entities carry federal jurisdiction with them at all times and in all cases; that mantle cannot be shed merely based on their unilateral decision to include a particular cause of action in a particular lawsuit.  FHFA cites no reason – let alone any legislative history or other authority supporting its interpretation – that Section 22(a) trumps these provisions and requires this Court to disregard its unquestioned jurisdiction solely in deference to FHFA's strategic decision to simultaneously litigate more than a dozen admittedly related cases in two fora.

FHFA's arguments ignore Section 1441(b) of the general removal statute in the United States Code.  Unlike 28 U.S.C. Section 1441(a), Section 1441(b) does not contain any language that purports to limit removability by reference to other statutory provisions, including "non-removability" provisions, such as Section 22(a).  In *Gallagher v. Donald*, 803 F. Supp. 899, 903 (S.D.N.Y. 1992), Judge Broderick ruled that removal of an action in which the plaintiff asserted a Securities Act claim was proper under Section 1441(b), reasoning that Section 22(a) does not require remand, where, as here, there is another basis for federal jurisdiction over the

action.   Accordingly, the GE Defendants are entitled to remove this action under Section 1441(b), notwithstanding FHFA's Securities Act claims, because, as demonstrated below, this Court has jurisdiction over this action independently of the Securities Act.

Moreover, FHFA's argument is at odds with the position that FHFA took in successfully opposing a motion to remand an action involving claims under Section 12(a)(2) of the Securities Act against Fannie Mae.  *Kramer v. Fannie Mae (In re Fannie Mae 2008 Sec. Litig.)*, No. 09 Civ. 1352, 2009 U.S. Dist. LEXIS 109888 (S.D.N.Y. Nov. 24, 2009).  In *Kramer*, the Court found that Fannie Mae's congressional charter provided a separate ground for removal of the action, even though plaintiff asserted Securities Act claims.  Tellingly, FHFA's brief in support of FHFA's motion for remand offers no reason that the result here should be any different than that in *Kramer*.  FHFA's arguments before Judge Crotty undercut any claim of prejudice that FHFA may now offer in support of its remand motion.

Given its own decision to file numerous similar cases in this Court on the same day that it filed this action, all of which have now been assigned to a single federal district court judge for efficient administration of justice, FHFA's plea that its choice of a state forum should be dispositive and override the jurisdictional scheme described above rings hollow.  FHFA should not be allowed to claim federal jurisdiction and avoid remand in one case and then deny federal jurisdiction in a virtually identical case in support of a motion to remand.  This case should remain in this Court, and FHFA's motion for remand should be denied.

## BACKGROUND

In this litigation, FHFA is acting as the Conservator for Freddie Mac, which was established by Congress during the economic downturn of the 1970s to serve the important governmental objective of broadening the availability of residential mortgage loans, thereby encouraging home ownership in this country.  Freddie Mac is a "government-sponsored enterprise (a 'GSE') chartered by Congress with a mission to provide liquidity, stability and affordability to the United States housing and mortgage markets."  Compl. ¶ 12.  Freddie Mac's congressional charter grants federal district courts jurisdiction all litigation in which Freddie Mac is a party.  12 U.S.C. § 1452(f)(2).

When the sustained decline in national housing prices eroded the value of Fannie Mae- and Freddie Mac-held mortgages, Congress devised a federal solution, passing the Housing and Economic Recovery Act of 2008 ("HERA").  Housing and Economic Recovery Act of 2008, Pub. L. No. 110-289, 122 Stat. 2654 (codified at 12 U.S.C.S. §§ 4501-4642).  HERA established FHFA and gave the Director of the FHFA the power to place Fannie Mae and Freddie Mac into conservatorship.  "On September 6, 2008, also pursuant to HERA, the Director of FHFA placed Freddie Mac into conservatorship and appointed FHFA as Conservator."  Compl. ¶ 11.  As conservator, FHFA "immediately succeed[ed] to -- (i) all rights, titles, powers, and privileges" and became authorized to "perform all functions" of Freddie Mac, including prosecuting litigation on its behalf.  12 U.S.C. §§ 4617(b)(2)(A)(i), 4617(b)(2)(B)(iii); *see also* Compl. ¶ 11 ("FHFA has the authority to exercise all rights and remedies of Freddie Mac, including but not limited to, the authority to bring suits on its behalf of [*sic*] and/or for its benefit. . . .").

On September 2, 2011, FHFA filed this action against the GE Defendants, Morgan Stanley & Co. Incorporated, and Credit Suisse Securities (USA) LLC in the Supreme Court of the State of New York, County of New York.  This action was one of 17 substantially

4

similar lawsuits – 12 of which were filed in this Court, one of which was filed in the United States District Court for the District of Connecticut, and four of which were filed in the Supreme Court of the State of New York, County of New York – that FHFA filed that day against numerous parties on behalf of Fannie Mae and Freddie Mac, "pursuant to congressional authority under the Housing and Economic Recovery Act of 2008 for the benefit of American taxpayers . . . ." Oct. 19, 2011 Pl. FHFA's Proposal for the Efficient Administration of the Cases Pursuant to Paragraph 3 of the Ct.'s Sept. 16, 2011 Order at 2 (Docket No. 27).  Although these actions all arise out of Fannie Mae's or Freddie Mac's investments in residential mortgage-backed securities, purchased in securitizations sold and marketed nationally, and assert Securities Act and state statutory and common law claims, FHFA has never explained why it filed some cases in state court and others in federal district court.  Indeed, none of the state cases seeks to protect or serve the interests of New York residents apart from any other "American taxpayer[]."  None apparently involves primarily or exclusively mortgages on properties in New York.  In fact, the state securities statutes cited in FHFA's complaint are those of Virginia, not New York.  Each of the four state court actions was timely removed to this Court.

While FHFA has consistently sought to avoid coordination of these myriad actions, presumably to allow it several different bites at the same apple, it readily acknowledges that all the federal and state actions involve common legal and factual issues that implicate federal concerns.  For example, FHFA concedes that the "standing and capacity of the FHFA to bring each case pursuant to its authority as conservator" is an issue of law to be addressed.  Oct. 19, 2011 Pl. and Defs.' Joint Report Pursuant to Paragraph 2 of the Ct.'s Sept. 16, 2011 Order at 4 (Docket No. 26 ).  And the forthcoming motions to dismiss of the defendants in the 17 cases will likely require the court to interpret and apply a panoply of federal statutes and judicial rules

of construction.  *See* Oct. 19, 2011 Defs.' Proposal for the Efficient and Convenient Handling of these Cases at 4-5 (Docket No. 28).  Nothing in these reports even hints at any material issue of New York law or suggests that <u>any</u> important state interests are implicated in any of these cases.

## ARGUMENT

### I.

### PLAINTIFF'S MOTION FOR REMAND SHOULD BE DENIED BECAUSE THE ACTION WAS PROPERLY REMOVED

**A.**   **This Court Has Subject Matter Jurisdiction Over the Action**

A defendant is entitled to remove an action when the federal courts have original jurisdiction over the action.  Section 1441(b) provides that:

> [a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b).  In addition, Section 1441(a) provides that:  "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed. . . ."  *Id.* § 1441(a).  As demonstrated below, this Court has jurisdiction over this action on three independent grounds.  Accordingly, the removal of this case to this Court was proper under Section 1441.

<u>First</u>, this Court has jurisdiction over this action under the congressional charter of Freddie Mac, which states that "[n]otwithstanding section 1349 of title 28 of the United States Code or any other provision of law, . . . all civil actions to which the Corporation [Freddie Mac] is a party shall be deemed to arise under the laws of the United States, and the district courts of

the United States shall have original jurisdiction of all such actions, without regard to amount or value. . . ." 12 U.S.C. § 1452(f)(2). Section 1452(f)(2) is applicable here, where FHFA stands in Freddie Mac's shoes and is seeking to recover "Freddie Mac's monetary losses." Compl. p. 59. FHFA's own pleading acknowledges as much: FHFA includes Freddie Mac in its recital of the parties. *Id*. at p. 5, ¶ 12.

Section 1452(f)(2) applies to all cases in which Freddie Mac is a party, whether as plaintiff or defendant, and is unrelated to, and not limited in anyway by, the nature of the claims asserted in the action. As the court said in *Spring Garden Assocs., L.P. v. Resolution Trust Corp.*, 26 F.3d 412, 415-16 (3d Cir. 1994), interpreting 12 U.S.C. § 1441a(l)(1), which mirrors the language of 12 U.S.C. § 1452(f)(2), such a provision "does not confer original jurisdiction over 'any claim' asserted by or against the RTC. . . . Rather, it confers original federal jurisdiction over 'any action, suit or proceeding to which the [RTC] is a party." Similarly, the United States Court of Appeals for the Ninth Circuit explained that because of Section 1441(a)(l)(1), "the addition of the RTC as a party to the action transformed the 'entire suit' into one that arose under federal law." *Brockman v. Marabank*, 40 F.3d 1013, 1015 (9th Cir. 1994). As a result, regardless of the claims that FHFA has asserted here, this "entire suit" arises under federal law.

Second, this Court has jurisdiction over the action pursuant to Section 1345, which provides for federal jurisdiction over all actions in which a federal agency is a plaintiff without regard to the claims asserted by the agency. *See* 28 U.S.C. § 1345 ("Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress").

7

FHFA alleges that it is a federal agency.  Compl. ¶ 11; *see also* 12 U.S.C. § 4511(a) ("There is established the Federal Housing Finance Agency, which shall be an independent agency of the Federal Government.").  Similarly, Freddie Mac's congressional charter expressly states that it is a federal agency "included in" Section 1345.  12 U.S.C. § 1452(f)(1).  FHFA cannot dispute the application of Section 1345 here, given that it premised jurisdiction on this and other grounds in each of the 13 similar federal actions that it filed on September 2, 2011.  *See, e.g.*, Compl. ¶ 26 ("Jurisdiction of this Court is founded upon 28 U.S.C. § 1345, which gives federal courts original jurisdiction over claims brought by FHFA in its capacity as conservator of Fannie Mae and Freddie Mac"), *FHFA v. HSBC N. Am. Holdings, Inc., et. al.*, No. 11 Civ. 6189 (LAK) (S.D.N.Y. filed Sept. 2, 2011).[2]

Third, this Court has jurisdiction over this action because it arises under the laws of the United States.  *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").  This action arises under United States law because, among other reasons, Freddie Mac's charter

---

[2] In its remand motion, FHFA contends that the forum defendant rule in the second sentence of Section 1441(b) precludes removal under Section 1345 because two of the defendants are citizens of New York.  Pl.'s Mem. at 7-8.  But Section 1441(b) applies only to cases removed on diversity grounds.  *See generally Gay v. Aramark Unif. & Career Apparel, Inc.*, No. H-07-1161, 2007 U.S. Dist. LEXIS 37171, at *4 (S.D. Tex. May 22, 2007) (forum defendant rule "only applies in cases removed on the basis of diversity jurisdiction").

FHFA's argument that Section 1452(f)(2)'s grant of jurisdiction over "civil actions" in which it is a party is not the same thing as "a claim or right" arising under federal law for purposes of Section 1441(b) makes no sense.   FHFA cites no authority supporting this supposed distinction—and, in fact, FHFA's own brief contradicts itself on this point.  *See* Pl.'s Mem. at 4 ("If original jurisdiction is *not* premised on federal question jurisdiction, however, the action is removable only if none of the defendants is a citizen of the State in which such action is brought").  In addition, FHFA's interpretation was rejected in *Spring Garden Assocs., L.P.*, 26 F.3d at 415-16, in the context of 12 U.S.C. § 1441a(l)(1), which mirrors Section 1452(f)(2).

provides that Freddie Mac "shall have the power . . . to sue and be sued, complain and defend, in any State, Federal, or other court."  12 U.S.C. § 1452(c)(7).

**B.**     **Section 22(a) Does Not Require Remand**

FHFA argues that Section 22(a) of the Securities Act precludes removal of this action, as it "depriv[es] this Court of jurisdiction."  Pl.'s Mem. at 5.  FHFA is wrong on multiple counts.

As a threshold matter, Section 22(a) has nothing to do with jurisdiction. Section 22(a) does not strip federal district courts of jurisdiction over any action in which a Securities Act claim has been alleged.  Indeed, as the United States Court of Appeals for the First Circuit recently made clear, Section 22(a)'s limitation is not "one of subject matter jurisdiction"; rather, because "federal courts are otherwise competent to address federal securities claims and do so all the time, it makes far more sense to view section 22 as creating a waivable right to insist on non-removal."  *Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp.*, 632 F.3d 762, 767-68 (1st Cir. 2011).[3]  Accordingly, the issue to be decided here is not jurisdictional, as the FHFA asserts, but rather whether, despite the clear existence of federal subject matter jurisdiction, FHFA and Freddie Mac can still "insist on non-removal."

FHFA's argument that Section 22(a) bars removal of this action also ignores Section 1441(b), which the GE Defendants cited in their removal petition.  *See* Oct. 6, 2011 Notice of Removal ¶ 10 (Docket No. 1).  By its terms, Section 1441(b) allows for removal without regard to so-called "non-removal" provisions.  Indeed, in *Gallagher v. Donald*, Judge Broderick ruled that Section 1441(b) allows removal of cases involving Securities Act claims

---

[3] FHFA ignores this holding in its brief, arguing only that the case is inapposite because it held that the failure to timely object to removal can waive the right to seek remand, which is not at issue here.  Pl.'s Mem. at 6.  FHFA does not address the holding discussed above.

when a separate ground for federal jurisdiction exists, because Section 22(a) bars "only removal of a securities law 'case,' not a securities law claim embedded in a broader case, if the 'case' is one arising under other federal laws and thus removable."  803 F. Supp. 899, 903 (S.D.N.Y. 1992).  The court drew a distinction with Section 1441(a), which, unlike subsection (b), purports to limit removability through the use of the phrase "[e]xcept as otherwise expressly provided by Act of Congress" (28 U.S.C. § 1441(a)), a difference that Judge Broderick held "cannot be ignored or treated as having no meaning."  *Gallagher*, 803 F. Supp. at 902-03; *see also id*. at 902 (the absence of "Except as otherwise" language in subsection (b) "thus indicates that diversity claims may not be used as a basis for removing related but otherwise nonremovable matters into the federal courts, but that federal question claims are not subject to this prohibition").

While some courts have observed that Section 1441(b) does not create a separate basis for removal, but rather limits removal in diversity cases,[4] Judge Broderick rejected this reading:  "If one makes the error of reading the first sentence of 28 U.S.C. § 1441(b) as literature or an educational lecture, rather than as a statute each provision of which should ordinarily be given some operative meaning, one can readily ignore its plain language and treat it as a mere introduction to the second sentence which adds additional prerequisites to removal in diversity cases.  But a complete separate first sentence containing an affirmative statement of removability of federal question cases would hardly have been necessary for that purpose."  *Gallagher*, 803 F. Supp. at 903.  Then United States District Court Judge Sotomayor reached the same conclusion

---

[4] *See, e.g., First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 461 n.3 (6th Cir. 2002) ("[s]ection 1441(b) places an important limitation on the right of removal created in 1441(a) in cases in which diversity is asserted, but it does not establish an independent right to removal"); *Highland Crusader Offshore Partners, L.P. v. Motient Corp.*, No. A-06-CA-540 LY, 2006 U.S. Dist. LEXIS 84028, at *10 n.4 (W.D. Tex. Nov. 17, 2006) (disagreeing with *Gallagher* and holding that Section 1441(b) only "lays down the rules and restrictions in diversity cases"); *Arrow Fin. Servs., L.L.C. v. Massil*, No. 08-cv-437, 2009 U.S. Dist. LEXIS 10255, at *14 (E.D.N.Y. Feb. 9, 2009) ("*Section 1441(b)* . . . limit[s] removal based upon diversity jurisdiction").

in *Igolnikov v. Mallah Org., Inc.*, holding that "[d]issection of subsection (b)'s cryptic language reveals two separate and distinct removal provisions existing in the same paragraph.  The first sentence authorizes removal of any action involving a federal claim without regard to the parties' citizenship," and accordingly, that removal of the action was "proper under the first sentence because plaintiff's case unquestionably involves a civil action arising under the laws of the United States."  No. 92 Civ. 7199, 1993 U.S. Dist. LEXIS 8466, at *4, 6 (S.D.N.Y. June 18, 1993).

Section 1441(b) defeats FHFA's effort to avoid a federal forum for this case. Congress determined that federal jurisdiction exists over all actions in which FHFA is suing on behalf of Freddie Mac.  12 U.S.C. § 1452(f); 28 U.S.C. § 1345; 12 U.S.C. § 1452(c).[5]  These provisions provide this Court with federal jurisdiction wholly apart from the Securities Act and thereby provide the basis for defendants to remove the case under Section 1441(b) without regard to the nature of the claims asserted, the parties' citizenship, or any provision of law, including Section 22(a).  *See Gallagher*, 803 F. Supp. at 903.

FHFA's view that the nature of its claims should trump these jurisdictional provisions is entirely inconsistent with the legislative scheme enacted by Congress.  None of the relevant provisions is in any way dependent on the particular causes of action alleged.  None contains language exempting certain types of claims.  None makes any mention of Section 22(a)

---

[5] FHFA's contention that the "one-way removal option granted to Freddie Mac further confirms that Defendants are not permitted to remove an action based on Freddie Mac's charter" (Pl.'s Mem. at 8) is unavailing.  Nothing in this provision precludes removal by a defendant; and, as FHFA acknowledges, Section 1452(f)(2) provides a "predicate for removal under the general removal statute, 28 U.S.C. § 1441," which here enabled the GE Defendants to remove the action under Section 1441(b) without regard to Section 22(a).  *See id*.  The fact that Congress allowed Freddie Mac to remove without having to give a bond does not undercut the jurisdictional grant in Section 1452(f)(2); to read the statute that way would reduce Section 1452(f)(2) to mere surplusage in contravention of the canon of statutory construction that requires each provision be given effect in accordance with its plain words.

or carves out Securities Act or other claims that could impact removal.[6]   And FHFA cites no authority suggesting that the jurisdictional provisions do not mean what they say.  Freddie Mac carries federal jurisdiction with it wherever it goes, in whatever court it appears (as does FHFA, when plaintiff), and regardless of the claims that it asserts.  It cannot claim that mantle when convenient and shed that mantle when inconvenient.

Nothing in the legislative history of the Securities Act nor any possible rationale underlying it supports FHFA's view that Section 22(a) entitles FHFA to ignore Congress and demand a state forum.  Barring a defendant from removing a case brought by an individual investor under the Securities Act may serve the salutary purpose of allowing such persons to choose the forum where no other basis for federal jurisdiction exists – the apparent purpose of Section 22(a).  The mere inclusion of such a claim does not, however, negate Congress' grant of jurisdiction over cases brought by FHFA, as conservator for Freddie Mac.   Section 22(a), enacted in 1933, could not have been intended, and should not be interpreted, to strip the federal courts of jurisdiction that Congress granted some 30-plus years later for controversies involving Freddie Mac and FHFA.  Allowing Section 22(a) to trump these jurisdictional provisions would contradict the federal courts' "'virtually unflagging obligation. . . to exercise the jurisdiction given them.'"  *Am. Int'l Grp., Inc. v. Bank of Am. Corp.*, No. 11 Civ. 6212, 2011 U.S. Dist. LEXIS 122687, at *9 (S.D.N.Y. Oct. 20, 2011) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

---

[6]  By including the phrase "[n]otwithstanding . . . any other provision of law" in 12 U.S.C. § 1452(f), Congress ensured that its grant of federal jurisdiction over litigation involving Freddie Mac would not be defeated by the operation of Section 22(a) or any other provision.  While Section 1345 does contain a proviso "except as otherwise provided by Act of Congress," this language does not effect removability of cases in which jurisdiction is present.  Rather, it refers only to the grant of jurisdiction for suits brought by agencies, and does not impact removal. Section 22(a) is not a grant of jurisdiction.

This is not to suggest that Congress had Section 22(a) in mind when it created Freddie Mac and FHFA. But when considering the interplay between Section 22(a), Section 1441, and the jurisdictional provisions at issue here, the GE Defendants respectfully submit that the reading outlined here makes the most sense, causes the least disruption, and harmonizes the interests underlying each. Nothing about this reading offends or even implicates existing Section 22(a) precedent. Because federal jurisdiction here turns on the federal jurisdiction bearing plaintiff, this action is very different than those cases in which Section 22(a) is traditionally invoked. The result here would have no application outside the specific statutory scheme governing litigation involving Freddie Mac and FHFA, and therefore would not render every Securities Act claim removable under Section 1441(b). In contrast, allowing FHFA to defeat jurisdiction here would upset the determinations that Congress made regarding litigation involving FHFA and Freddie Mac, determinations designed to protect the important national concerns such cases implicate.

Judge Crotty's decision in *Kramer* confirms the removability of this case. In *Kramer*, plaintiff filed a putative class action complaint against Fannie Mae in New Jersey state court, "alleging that Defendant Fannie Mae and a number of investment banks . . . violated § 12(a)(2) and § 15 of the 1933 Securities Act when they issued a false and misleading Offering Circular in connection with" a Fannie Mae preferred stock offering. 2009 U.S. Dist. LEXIS 109888, at *6. Fannie Mae removed the case under Section 1441 on several grounds, including that its charter provided "an additional, and independent, basis for removal." Notice of Removal at 9, *Kramer v. Fannie Mae (In re Fannie Mae 2008 Sec. Litig.)*, No. 09 Civ. 1352 (PAC) (S.D.N.Y. Oct. 27, 2008) (Ex. B).

Plaintiff moved to remand the action, citing "the specific bar to removal of cases arising under Section 22(a) of the Securities Act of 1933."  Reply Mem. of Law in Further Support of Pl. Daniel Kramer's Mot. to Remand at 1 (Ex. C).  In opposition, Fannie Mae argued that:

> Kramer's present remand motion should be denied.  Removal of his action was proper under two federal statutes, <u>each of which provides an independent basis for removal</u>:  (i) the Securities Litigation Uniform Standards Act of 1998 ('SLUSA'), 15 U.S.C. §§ 77v(a), 77p(c), which amends Section 22(a) of the Securities Act to eliminate state court jurisdiction and to require removal here; and (ii) <u>Fannie Mae's statutory corporate charter, codified at 12 U.S.C. § 1716 *et seq*</u>.

Mem. of Law in Opp. to Pl. Daniel Kramer's Mot. to Remand at 2 (emphasis added) (Ex. D); *see also id.* at 3 ("Fannie Mae's statutory charter provides an independent basis for removal"), 16 ("Fannie Mae's charter provides a separate ground for the removal of this action").

After the Court granted its motion to intervene, FHFA "join[ed] the other Defendants in urging the Court to deny the Kramer remand motion."  *Kramer*, 2009 U.S. Dist. LEXIS 109888, at *7.  As its counsel stated, "[w]e join in the arguments of Fannie Mae."  Tr. of Oral Argument at 18:7-8 (Ex. A).  FHFA itself asserted an "interest in seeing this action litigated in federal court.  As conservator, we assume all the powers over the government-sponsored entity and we are required [to] oversee those cases. . . .  We think that having some litigation in state court were this case to be remanded would cause considerable confusion and inconsistent results for us to oversee anywhere, if not just New Jersey."  *Id.* at 18:8-19:3.  FHFA's position undermines any plea of prejudice that FHFA may offer here from having to prosecute its claims in this Court.

Judge Crotty denied plaintiff's remand motion.  After finding removal proper under SLUSA, the court stated:

> There is also a <u>separate</u> basis for the Court's subject matter jurisdiction over the Kramer action.  Under the corporate charter for Fannie Mae and FHFA, codified at 12 U.S.C. § 1716 *et seq.* and 12 U.S.C. §4511(a) *et seq.*, respectively the Court has subject matter jurisdiction.
>
> Fannie Mae's corporate charter provides that Fannie Mae may 'sue and be sued' in federal courts.  This provision provides federal courts with subject matter jurisdiction. . . .  [Fannie Mae's] 'sue and be sued' clause specifically refers to federal courts, thereby conferring federal jurisdiction. . . .  <u>Since federal courts have jurisdiction over Fannie Mae, its removal of the Kramer action was appropriate</u>.

*Kramer*, No. 09 Civ. 1352, 2009 U.S. Dist. LEXIS 109888, at \*11-12 (emphasis added).[7]  This language alone is fatal to FHFA's claim that *Kramer* is "wholly inapposite" because it "merely stands for the proposition that federal courts have exclusive jurisdiction over securities class actions under" SLUSA and that "covered class actions are expressly exempted from Section 22(a)."  Pl.'s Mem. at 5 (emphasis omitted).  FHFA offers no reason why the result should be any different here.[8]

## II.

## FHFA IS NOT ENTITLED TO COSTS AND EXPENSES

Even if remand were ordered, FHFA should still not be awarded any of its legal fees or costs.  "There is no presumption that fees will be awarded with a remand," and plaintiff's burden in this regard is necessarily high:  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable

---

[7] The Court also agreed with FHFA that the FHFA "has an absolute right to remove any action that has been commenced against it."  *Id*. at \*12.

[8] FHFA's attempt to evade the plain import of *Kramer* by describing it as an "unpublished (and non-binding) decision" (*id*.) is mystifying.  FHFA cannot reasonably suggest that a decision of this Court must appear in an official reporter to have precedential value, especially as FHFA itself cites two such opinions in its own brief.  *See id*. at 9-10.

basis for seeking removal." *Lower Manhattan Dialysis Ctr., Inc. v. Lantz*, No. 07 Civ. 6903, 2007 U.S. Dist. LEXIS 70741, at *8-9 (S.D.N.Y. Sept. 25, 2007).  FHFA has not, and cannot, demonstrate that removal here lacked an objectively reasonable basis.

      For the reasons set forth in Point I above, the GE Defendants had a reasonable basis for asserting that this Court possesses subject matter jurisdiction enabling them to remove under Section 1441(b).  That FHFA itself has filed some 13 substantially similar actions in federal district court citing Section 1345 demonstrates the reasonableness of removal here.  Certainly, by seeking costs, FHFA is not suggesting that it lacks an "objectively reasonable basis" for filing those other cases.  Moreover, FHFA's contention that removal in the face of the "clear statutory removal prohibition of Section 22(a)" (Pl.'s Mem. at 9) justifies an award of costs ignores the jurisdictional provisions discussed above as interpreted in the *Kramer* and *Gallagher* cases.  And nothing in the record here even remotely suggests the presence of any bad faith on the part of the GE Defendants, which further counsels against an award.[9]

## CONCLUSION

      For all of the foregoing reasons, Plaintiff's Motion for Remand should be denied, and this case should remain in this Court where it belongs.

---

[9] The issues raised here hardly presents the types of "well established" legal principles that led the courts in the cases cited by FHFA to award fees.  *See, e.g.*, *Calabro v. Aniqa Halal Live Poultry Corp.*, 650 F.3d 163, 166 (2d Cir. 2011) (only federal question raised in a responsive peading); *Dela Rosa v. 610-620 W. 141 L.L.C.*, No. 08 Civ. 8080, 2009 U.S. Dist. LEXIS 55058, at *12 (S.D.N.Y. June 24, 2009) (removal notice not timely filed and in any event barred by the forum defendant rule because jurisdiction had been based on diversity and it was "undisputed" that all defendants were New York residents); *Arabesque v. Capacity L.L.C.*, No. 07 Civ. 2042, 2008 U.S. Dist. LEXIS 19779, at *3-5 (S.D.N.Y. Mar. 10, 2008) (defendant failed to apply clear circuit court precedent concerning citizenship of limited liability companies in determining that removal based on diversity of citizenship was proper; after acknowledging that diversity was lacking, defendant consented to remand).

Dated: New York, New York
       December 2, 2011

                    WEIL, GOTSHAL & MANGES LLP

                    By: /s Greg A. Danilow
                    Greg A. Danilow
                    (greg.danilow@weil.com)
                    Vernon S. Broderick
                    (vernon.broderick@weil.com)
                    Seth Goodchild
                    (seth.goodchild@weil.com)
                    767 Fifth Avenue
                    New York, New York  10153
                    Telephone:  (212) 310-8000
                    Facsimile:  (212) 310-8007

                    *Attorneys for Defendants General Electric Company, General Electric Capital Services, Inc., GE Mortgage Holding, L.L.C., and GE-WMC Mortgage Securities, L.L.C.*