**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

FEDERAL HOUSING FINANCE AGENCY, AS CONSERVATOR FOR THE FEDERAL HOME LOAN MORTGAGE CORPORATION,

Plaintiff,

-against-

GENERAL ELECTRIC COMPANY, GENERAL ELECTRIC CAPITAL SERVICES, INC. d/b/a GE CONSUMER FINANCE or GE MONEY, GE MORTGAGE HOLDING, L.L.C., GE-WMC SECURITIES, L.L.C., MORGAN STANLEY & CO., INC., and CREDIT SUISSE SECURITIES (USA) LLC f/k/a CREDIT SUISSE FIRST BOSTON LLC,

Defendants.

**11 Civ. 7048 (DLC)**

**REPLY MEMORANDUM OF LAW**
**IN FURTHER SUPPORT**
**OF PLAINTIFF'S MOTION FOR REMAND**

KASOWITZ, BENSON, TORRES
& FRIEDMAN LLP
1633 Broadway
New York, New York 10019
(212) 506-1700

*Attorneys for Plaintiff*

## TABLE OF CONTENTS


**Page**

PRELIMINARY STATEMENT .......... 1

ARGUMENT .......... 2

I. DEFENDANTS FAIL TO MEET THEIR BURDEN OF SHOWING THAT THIS ACTION WAS PROPERLY REMOVED .......... 2

A. This Action Is Not Removable Pursuant To 28 U.S.C. § 1441(b) .......... 2

B. This Action Is Not Removable Pursuant To 12 U.S.C. § 1452 Or 28 U.S.C. § 1345 .......... 6

C. Remand Is Consistent With Congressional Intent .......... 7

II. FHFA SHOULD BE AWARDED FEES AND COSTS .......... 8

CONCLUSION .......... 9

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Arrow Fin. Servs., LLC v. Massil*,
No. 08-cv-437, 2009 U.S. Dist. LEXIS 10255 (E.D.N.Y. Feb. 11, 2009) ....2, 3

*Brockman v. Merabank*,
40 F.3d 1013 (9th Cir. 1994) ....7

*Eriksen v. Moore Mill & Lumber Co.*,
157 F. Supp. 888 (D. Or. 1958) ....2, 3, 4

*Fed. Home Loan Mortg. Corp. v. Searcy*,
No. CIV S-11-1681, 2011 U.S. Dist. LEXIS 70753 (E.D. Ca. June 30, 2011) ....6, 7

*First Nat'l Bank of Pulaski v. Curry*,
301 F.3d 456 (6th Cir. 2002) ....3

*Gallagher v. Donald*,
803 F. Supp. 899 (S.D.N.Y. 1992) ....4, 5

*Helvering v. Hammel*,
311 U.S. 504 (1941) ....4

*Highland Crusader Offshore Partners v. Motient Corp.*,
No. A-06-CA-540, 2006 U.S. Dist. LEXIS 84028 (W.D. Tex. Nov. 17, 2006) ....3

*Igolnikov v. Mallah Org., Inc.*,
No. 92 Civ. 7199, 1993 U.S. Dist. LEXIS 8466 (S.D.N.Y. June 22, 1993) ....5

*In re Norplant Contraceptive Prods. Liab. Litig.*,
889 F. Supp. 271 (E.D. Tex. 1995) ....3

*Kelly v. Drake Beam Morin, Inc.*,
695 F. Supp. 354 (E.D. Mich. 1988) ....3

*Kramer v. Fed. Nat'l Mortg. Ass'n*,
No. 08 Civ. 7831, 2009 U.S. Dist. LEXIS 109888 (S.D.N.Y. Nov. 24, 2009) ....6, 7

*Lower Manhattan Dialysis Ctr., Inc. v. Lantz*,
No. 07 Civ. 6903, 2007 U.S. Dist. LEXIS 70741 (S.D.N.Y. Sept. 25, 2007) .... 8-9

*Martin v. Franklin Capital Corp.*,
546 U.S. 132 (2005) ....8

*Nat'l Ass'n of Home Builders v. Defenders of Wildlife*,
551 U.S. 644 (2007) ....4

*Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp.*, 632 F.3d 762 (1st Cir. 2011) .......... 2

*Smolowe v. Delendo Corp.*, 136 F.2d 231 (2d Cir. 1943) .......... 4

*Spring Garden Assocs., L.P. v. Resolution Trust Corp.*, 26 F.3d 412 (3d Cir. 1994) .......... 7

**STATUTES**

12 U.S.C. § 1452(c)(7) .......... 6, 8

12 U.S.C. § 1452(f)(3) .......... 6

12 U.S.C. § 4617(b) .......... 7

15 U.S.C. § 77v(a) .......... 4

15 U.S.C. § 1719 .......... 4, 5

15 U.S.C. § 3612 .......... 4, 5

28 U.S.C. § 1345 .......... 6, 7

28 U.S.C. § 1441(a) .......... *passim*

28 U.S.C. § 1441(b) .......... *passim*

28 U.S.C. § 1445(d) .......... 4, 5

Section 22(a) of the Securities Act of 1933 .......... *passim*

**PRELIMINARY STATEMENT**

Defendants continue to confuse original jurisdiction with removal jurisdiction. While Plaintiff does not dispute that this Court would have had original jurisdiction had Plaintiff chosen to file this Action in federal court, this Court does not have removal jurisdiction, in light of the indisputable prohibition of removal contained in Section 22(a) of the Securities Act of 1933 (the "'33 Act"). Faced with this well-established principle, Defendants now assert that removal is permitted by 28 U.S.C. § 1441(b), irrespective of Plaintiff's claims under the '33 Act because that section does not include an express exemption clause like § 1441(a), the entire "case" does not arise under the '33 Act, and the Court has a basis for subject matter jurisdiction other than the '33 Act because of Freddie Mac's charter and the federal ageny statute. They also suggest, relying on a single case, that removal is authorized by Freddie Mac's charter. The fundamental premise of Defendants' arguments is that state court adjudication of claims asserted by a federal agency would subvert congressional intent. Defendants are mistaken in every respect.

*First*, Sections 1441(a) and (b) of the general removal statute must be construed together, with the effect that Section 1441(a)'s limitation on removal where "expressly provided by Act of Congress" applies to federal question cases removed under Section 1441(b). Defendants' contrary construction is flatly inconsistent with the statutory removal scheme, defeats the congressional intent underlying the anti-removal provision in the '33 Act, and effectively would repeal all anti-removal statutes concerning federal questions.

*Second*, only Freddie Mac -- and those standing in its shoes -- can invoke Freddie Mac's charter as a basis for removal. Freddie Mac's authorizing statute does not permit Defendants to remove cases brought in the name of Freddie Mac against its will.

*Third*, remanding this Action would be consistent with congressional intent to permit Freddie Mac and FHFA to litigate cases in the forum of their choice.

# ARGUMENT

## I. DEFENDANTS FAIL TO MEET THEIR BURDEN OF SHOWING THAT THIS ACTION WAS PROPERLY REMOVED

### A. This Action Is Not Removable Pursuant To 28 U.S.C. § 1441(b)

Defendants contend that this Action may be removed under Section 1441(b) of the general removal statute because the Court has subject matter jurisdiction over the Action and -- unlike Section 1441(a) -- Section 1441(b) "does not contain any language that purports to limit removability by reference to other statutory provisions, including 'non-removability' provisions, such as Section 22(a)." (Def. Opp. at 2). Contrary to Defendants' contention, Section 1441(b) provides no independent basis for removal. Defendants' interpretation of that provision is inconsistent with the statutory removal scheme and would defeat the congressional intent in enacting Section 22(a) of the '33 Act. Because Section 1441(b) must be read in conjunction with Section 1441(a)'s exception to removal where "expressly provided by Act of Congress," Section 22(a) bars removal of this Action.[1]

"As a rule of interpretation, '[i]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability.'" *Arrow Fin. Servs., LLC v. Massil*, No. 08-cv-437, 2009 U.S. Dist. LEXIS 10255, at *10 (E.D.N.Y. Feb. 11, 2009) (citation omitted). Consistent with this rule of statutory interpretation, Section 1441(b) serves as a *limitation* on the right of removal set forth in Section 1441(a). *See Eriksen v. Moore Mill & Lumber Co.*, 157 F. Supp. 888, 890 (D. Or. 1958). Properly read, "§ 1441(a) lays out the general right to removal, and § 1441(b) lays down the

[1] The court's decision in *Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp.*, 632 F.3d 762, 767-68 (1st Cir. 2011), does nothing to advance Defendants' position, as Plaintiff has not waived its right, and moved for remand precisely to "insist on non-removal" of this Action.

rules and restrictions in diversity cases." *Highland Crusader Offshore Partners v. Motient Corp.*, No. A-06-CA-540, 2006 U.S. Dist. LEXIS 84028, at *11 n.4 (W.D. Tex. Nov. 17, 2006); *accord In re Norplant Contraceptive Prods. Liab. Litig.*, 889 F. Supp. 271, 276 (E.D. Tex. 1995) ("language in section 1441(b) should properly be read as predicated on the initial compliance with 28 U.S.C. § 1441(a), *i.e.* the suit must be originally cognizable in federal court. To construe it otherwise would court needless jurisdictional problems.") (citations and quotations omitted); *Arrow*, 2009 U.S. Dist. LEXIS 10255, at *14 ("subsection (b) simply supplements subsection (a) by declaring that where federal question 'arising under' jurisdiction exists, removal authority is granted 'without regard to the citizenship or residence of the parties'") (citations omitted); *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 461 n.3 (6th Cir. 2002) ("Section 1441(b) places an important limitation on the right of removal created in § 1441(a) in cases in which diversity is asserted, but it does not establish an independent right to removal."); *Kelly v. Drake Beam Morin, Inc.*, 695 F. Supp. 354, 357 (E.D. Mich. 1988) (same).

The legislative history supports reading Sections 1441(a) and (b) together. As the court in *Eriksen v. Moore Mill & Lumber Co.*, 157 F. Supp. 888 (D. Or. 1958), explained, Section 1441 was enacted to consolidate the removal provisions of Sections 71 and 114 of Title 28 and was intended to resolve ambiguities and conflicting decisions:

> Under 28 U.S.C. § 71 (U.S.C. 1940 ed.), the former provision, there was no general right to remove any civil case over which the federal district courts had original jurisdiction. Cases arising under the Constitution, treaties or laws of the United States were removable without restriction as to citizenship of the parties, but other cases were removable only if certain citizenship requirements were met. This restriction is preserved in § 1441(b).

*Id.* at 890. Further, "certain pre-existing grounds for removal such as prejudice or local influence and the separable controversy were omitted from [Section 1441,]" which had the overall effect of restricting, rather than enlarging, federal removal jurisdiction. *Id.*

Defendants' erroneous interpretation would lead to perverse results. Construing Section 1441(b) as an independent basis for removal effectively would repeal scores of anti-removal statutes that expressly prohibit removing cases involving federal questions, as well as Section 1441(a)'s provision against removal where expressly provided by Congress. Indeed, Defendants' interpretation would permit removal of all '33 Act claims where an additional federal claim is asserted, despite Section 22(a)'s prohibition that "no case arising under this title and brought in any State court of competent jurisdiction shall be removed to any court of the United States." 15 U.S.C. § 77v(a). The same would be true for other anti-removal provisions, such as those pertaining to the Violence Against Women Act, 28 U.S.C. § 1445(d), the Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1719, and the Condominium and Cooperative Abuse Relief Act of 1980, 15 U.S.C. § 3612. Moreover, "the provision in § 1441(a) against removal where expressly prohibited by Congress would be lost in some cases if § 1441(b) were to be regarded as an independent basis of removal." *Eriksen*, 157 F. Supp. at 890 (remand granted). This Court should reject such a result. *See Nat'l Ass'n of Home Builders v. Defenders of Wildlife*, 551 U.S. 644, 662 (2007) (repeals by implication not favored or presumed); *Helvering v. Hammel*, 311 U.S. 504, 510-11 (1941) ("courts in the interpretation of a statute have some scope for adopting a restricted rather than a literal or usual meaning of its words where acceptance of that meaning would lead to absurd results or would thwart the obvious purpose of the statute") (citations omitted); *Smolowe v. Delendo Corp.*, 136 F.2d 231, 235-36 (2d Cir. 1943) (rejecting interpretation of Section 16(b) of the Securities Exchange Act of 1934 that would have "render[ed] senseless" stockholder protection provisions and virtually defeated the law entirely).

In an attempt to cabin the reach of their proposed interpretation, Defendants argue -- based solely on *Gallagher v. Donald*, 803 F. Supp. 899 (S.D.N.Y. 1992) -- that "Section 1441(b)

allows removal of cases involving Securities Act claims when a separate ground for federal jurisdiction exists, because Section 22(a) bars 'only removal of a securities law 'case,' not a securities law claim embedded in a broader case, if the 'case' is one arising under other federal laws and thus removable.'" (Def. Opp. at 9-10). Such a distinction provides no meaningful guidance or rational limitation on Defendants' proposed expansion of federal removal jurisdiction. Anti-removal statutes are often worded as prohibitions against removing "case[s] arising under" the statute, *e.g.*, 28 U.S.C. § 1445(d), 15 U.S.C. § 1719, 15 U.S.C. § 3612, and plaintiffs frequently pursue more than one type of claim. Furthermore, *Gallagher* misapplies the rule of statutory construction regarding specific provisions prevailing over general ones, because the class of claims covered by Section 22(a), securities claims, is more specific than federal questions, and should therefore control.

Contrary to Defendants' claim, their proposed construction is not supported by then-District Judge Sotomayor's decision in *Igolnikov v. Mallah Organization, Inc.*, No. 92 Civ. 7199, 1993 U.S. Dist. LEXIS 8466 (S.D.N.Y. June 22, 1993). In that case, which involved state and federal labor laws, the court did not address the relationship between Sections 1441(a) and (b) or the express anti-removal provision of Section 22(a). Because there was no express prohibition against removal at issue, Judge Sotomayor merely recognized that the first sentence of Section 1441(b) authorizes removal in cases involving federal claims without regard to the parties' citizenship, and then found that removal was proper because the case involved federal law claims. *See id.* at *4-6. There was no analysis concerning whether the express exemption provision of Section 1441(a) applied to federal question or diversity cases under Section 1441(b), or the effect of anti-removal statutes, such as Section 22(a).

### B. This Action Is Not Removable Pursuant To 12 U.S.C. § 1452 Or 28 U.S.C. § 1345

In addition, contrary to Defendants' argument (Def. Opp. at 15), Freddie Mac's charter provides no separate basis for removal jurisdiction. First, Defendants' contention that Congress intended for all actions involving Freddie Mac to be removable is meritless. (Def. Opp. at 6-7). Section 1452(f)(3), part of the authorizing statute on which this argument is premised, grants the removal option only to Freddie Mac: "any civil or other action . . . to which the Corporation is a party may at any time before the trial thereof be removed *by the Corporation*." 12 U.S.C. § 1452(f)(3) (emphasis added). Thus, "only plaintiff -- the Corporation -- has the authority to remove a civil case that otherwise does not invoke either federal question or diversity jurisdiction; defendants may not do so." *Fed. Home Loan Mort. Corp. v. Searcy*, No. CIV S-11-1681, 2011 U.S. Dist. LEXIS 70753, at *4 (E.D. Cal. June 30, 2011) (citations omitted).

Defendants' citation to Section 1452(c)(7) -- the charter's "sue and be sued" provision -- is equally unpersuasive. (Def. Opp. at 8-9). This section simply enables Plaintiff to bring an action in the forum of its choosing, and does not allow for removal of an action in the absence of another source of original jurisdiction. The charter was designed to give Freddie Mac flexibility in its ability to file an action in state or federal court, or remove an action filed against it. Moreover, there is no statutory limitation on the Conservator's choice of a state or federal forum for this lawsuit.

Judge Crotty's decision in *Kramer v. Federal National Mortgage Association*, No. 08 Civ. 7831, 2009 U.S. Dist. LEXIS 109888 (S.D.N.Y. Nov. 24, 2009), does nothing to "confirm[] the removability of this case" for several reasons. (Def. Opp. at 13).[2] First, the notice of

[2] While Defendants claim they are "mystified" by Plaintiff's statement that *Kramer* is un-published and non-binding (Def. Opp. at 15 n.8), they do not dispute the fact that this Court is not bound to follow the decision of another judge in this District.

removal in *Kramer* makes clear that Fannie Mae's charter merely served as the predicate for removal under Section 1441, not as an independent basis for removal jurisdiction. (Danilow Decl. Ex B, ¶ 17).[3] Second, the case did not involve a conflict between Section 22(a) and Section 1441 because covered class actions are expressly exempted from Section 22(a)'s prohibition against removal. Third, this Action is brought by the Conservator on behalf of Freddie Mac, and Freddie Mac's charter differs from Fannie Mae's statute in expressing Congress's intent that *only* Freddie Mac may remove cases on the basis of its charter. Fannie Mae's charter is silent as to removal. Accordingly, *Kramer* has no persuasive value here.

Finally, 28 U.S.C. § 1345 also does not provide a basis for removing this Action. Regardless of whether FHFA is a federal agency, the "except as otherwise provided by Act of Congress" clause in Section 1345 prohibits removal in the face of Section 22(a). (Pl. Br. at 7-8).

### C. Remand Is Consistent With Congressional Intent

Respecting Plaintiff's choice of a state court forum and remanding the Action, despite Defendants' argument (Def. Opp. at 11-13), is in no way contrary to Congress's intent. Congress has authorized Plaintiff to assert claims in either federal or state court. Defendants' erroneous arguments opposing remand would subvert that statutory language and congressional intent, empowering Freddie Mac to bring a lawsuit in the state or federal forum of its choosing and FHFA's succession to that right. 12 U.S.C. §§ 4617(b)(2)(A)(i), 4617(b)(2)(B)(iii).

---

[3] Defendants' citations to *Spring Garden Associates, L.P. v. Resolution Trust Corp.*, 26 F.3d 412, 415-16 (3d Cir. 1994) and *Brockman v. Merabank*, 40 F.3d 1013, 1015 (9th Cir. 1994), are equally inapposite. Neither case involved an analysis of whether Section 22(a) – or any non-removal statute – precludes removal where the plaintiff's authorizing statute confers federal jurisdiction. Plaintiff does not dispute that it is authorized to remove any action filed against it in state court. However, as the court held in *Searcy*, the charter does not give Defendants the same removal power. 2011 U.S. Dist. LEXIS 70753, at *3-4.

Moreover, contrary to Defendants' claim that Freddie Mac cannot assert federal jurisdiction when convenient "and shed that mantle when inconvenient" (Def. Opp. at 12), this is exactly what Congress provided for in Freddie Mac's charter. In fact, Freddie Mac has the power to "sue and be sued, complain and defend, in any State, Federal, or other court." 12 U.S.C. § 1452(c)(7). Defendants inexplicably argue that "allowing FHFA to defeat jurisdiction here would upset the determinations that Congress made regarding litigation involving FHFA and Freddie Mac, determinations designed to protect the important national concerns such cases implicate." (Def. Opp. at 13). However, if Congress intended for cases involving Freddie Mac to be litigated exclusively in federal court, it could have easily provided as such. It did not, and FHFA's ability to choose its forum -- just like any other plaintiff -- should be respected.[4]

## II. <u>FHFA SHOULD BE AWARDED FEES AND COSTS</u>

Plaintiff should be awarded its fees and costs incurred in bringing this remand motion because Defendants "lacked an objectively reasonable basis for seeking removal" in light of Section 22(a)'s express prohibition on removal. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Defendants' argument that Plaintiff's commencement of other lawsuits in federal court supports Defendants' objectively reasonable basis for removal is a red herring. (Def. Opp. at 16). The fact that Plaintiff could have initially filed this case in federal court is irrelevant in light of the non-removability provision in Section 22(a) and the freedom granted by Congress for the Conservator to choose the appropriate venue for this litigation. On its face, the

---

4 Defendants argue that there has been no indication that there is "any material issue of New York law" or "that any important state interests are implicated." (Def. Opp. at 6). Without addressing the merits, or lack thereof, of such assertions, issues of materiality or the importance of state issues are irrelevant in determining whether Defendants have met their burden to establish that this case was properly removed.

Complaint alleged violations of the '33 Act, and Defendants -- who rely primarily on two non-binding and inapposite decisions -- had no objectively reasonable basis to remove this case.[5]

**CONCLUSION**

Based on the foregoing, this Court should remand this Action to the Supreme Court of the State of New York, and grant Plaintiff its attorneys' fees and costs associated with this motion.

New York, New York
December 16, 2011

KASOWITZ, BENSON, TORRES
& FRIEDMAN LLP

By: /s/ Marc E. Kasowitz
Marc E. Kasowitz (mkasowitz@kasowitz.com)
Hector Torres (htorres@kasowitz.com)
Michael S. Shuster (mshuster@kasowitz.com)
Christopher P. Johnson (cjohnson@kasowitz.com)
Kanchana Wangkeo Leung (kleung@kasowitz.com)

1633 Broadway
New York, New York 10019
(212) 506-1700

*Attorneys for Plaintiff Federal Housing Finance Agency, as Conservator for the Federal Home Loan Mortgage Corporation*

---

[5] In *Lower Manhattan Dialysis Center, Inc. v. Lantz*, No. 07 Civ. 6903, 2007 U.S. Dist. LEXIS 70741, *7-9 (S.D.N.Y. Sept. 25, 2007), the one case cited by Defendants in opposing an award of fees, the issue was whether complete diversity of the parties existed, which involved issues of proof, such that this Court found that defendants did not lack an objectively reasonable basis for removal. Here, where the non-removability of the Action was apparent in the Complaint, a fee award is appropriate. (Pl. Br. at 9-10).