UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FEDERAL HOUSING FINANCE AGENCY,
AS CONSERVATOR FOR THE FEDERAL
NATIONAL MORTGAGE ASSOCIATION
AND THE FEDERAL HOME LOAN
MORTGAGE CORPORATION,

                Plaintiff,

           -v-

UBS AMERICAS, INC., *et al*.

                Defendants.

**Case No. 11 CIV. 5201 (DLC)**

**PLAINTIFF'S PROPOSAL
REGARDING THE STIPULATED
PROTECTIVE ORDER TO BE
ENTERED IN THE ACTIONS**

---

Other Cases Brought by Plaintiff In Which
This Proposal Has Been Filed:

11 Civ. 6188 (DLC)
11 Civ. 6189 (DLC)
11 Civ. 6190 (DLC)
11 Civ. 6192 (DLC)
11 Civ. 6193 (DLC)
11 Civ. 6195 (DLC)
11 Civ. 6196 (DLC)
11 Civ. 6198 (DLC)
11 Civ. 6200 (DLC)
11 Civ. 6201 (DLC)
11 Civ. 6202 (DLC)
11 Civ. 6203 (DLC)
11 Civ. 6739 (DLC)
11 Civ. 7010 (DLC)
11 Civ. 7048 (DLC)

---

       Pursuant to this Court's Order dated December 5, 2011 in the above-captioned cases (the

"Actions"), Plaintiff Federal Housing Finance Agency ("Plaintiff"), as Conservator for the

Federal National Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage

Corporation ("Freddie Mac") (together, the "GSEs"), respectfully submits this proposal in

support of Plaintiff's Proposed Protective Order.

## I.     BACKGROUND

In accordance with Your Honor's Order of December 5, 2011, counsel for FHFA and

defendants in each of the Actions ("Defendants") have engaged in an extensive meet-and-confer

process in an attempt to reach agreement on a stipulated proposed protective order governing the

confidential treatment of discovery material in the Actions.  The parties have reached agreement

on the majority of provisions of such an order, but a small number of significant issues remain in

dispute.  This submission sets forth FHFA's position regarding those areas of dispute, as

reflected in FHFA's Proposed Protective Order, attached hereto as Exhibit A.  Defendants'

Proposed Protective Order is attached as Exhibit B.  A redlined version reflecting FHFA's

position contrasted with Defendants' Proposed Protective Order is attached as Exhibit C.

In particular, FHFA's proposal differs from Defendants' with respect to the following

four issues, as set forth in greater detail below.[1]  *First*, FHFA believes that confidential material

relevant to and thus produced in any given Action should not be shared with all Defendants

across all Actions.  *Second*, FHFA has rejected an extraordinary provision proposed by

Defendants that would permit one party unilaterally to ratchet up the confidentiality designation

of a document produced by another party or a non-party.  *Third*, FHFA has proposed language to

---

[1]   On the day of the parties' agreed-upon date to file simultaneous submissions,
Defendants to the 11 Civ. 7010 action (the "Ally Defendants") notified FHFA that the Ally
Defendants were preparing to submit a supplemental proposed protective order in the 11 Civ.
7010 action.  As reflected in the parties' joint letter to Your Honor, no other Defendant joins in
that proposed order or the Ally Defendants' submission in connection therewith.  FHFA intends
to oppose that submission, and is negotiating with the Ally Defendants a deadline for their
submission and Plaintiff's response.

clarify that the protective order will not constrain FHFA's ability, as a federal government agency, to report actual or potential violations of law of which it learns through discovery. *Fourth*, because the competitive concerns that may warrant the inclusion of a "Highly Confidential"[2] tier of confidentiality have no application to FHFA as a federal government agency that is not a business competitor of any Defendant, FHFA has proposed that material designated "Highly Confidential" may be shared with a limited group of subject matter experts in government service for the purpose of assisting FHFA with the prosecution of the Actions or in carrying out its regulatory functions.

## II.    The Parties' Use of Documents Produced In Discovery Should Be Limited To the Action In Which The Documents Are Produced

FHFA's proposed protective order provides that the documents produced in discovery in a particular Action(s) be used only in that Action(s).[3]  In contrast, Defendants have taken the unorthodox position that *any* document produced in *any* Action may be used in *every* Action. Defendants are attempting an end run around Federal Rule of Civil Procedure 26(b)(1), which limits discovery to matters "relevant to any party's claim or defense," by seeking the entry of a protective order that would permit them access to materials that would not otherwise be

---

[2]    The parties have reached agreement on the definition of "Confidential" and "Highly Confidential," as reflected in Exhibits A and B to this submission.  "Highly Confidential" is defined as Discovery Material that the Producing Party reasonably and in good faith believes contains (i) trade secrets or other information that the party reasonably believes would result in competitive, commercial or financial harm to the disclosing party or its personnel, clients or customers; or (ii)  material that a Producing Party believes in good faith would not otherwise be adequately protected under the procedures set forth herein for Confidential Material.

[3]    For example, FHFA's proposal includes the following language in section 7.3: "material designated 'CONFIDENTIAL' may be disclosed only to the following persons with respect to each Action … Parties to the Action(s) *in which the Confidential Material was produced and their Counsel*."  (Emphasis added.)  Conversely, Defendants propose the Confidential material may be shown to "any other Parties to the Actions."

discoverable in an Action.  The Actions have not been consolidated, and there is no justification for allowing documents to be shared across different actions involving different parties and different securitizations.  Documents that are relevant to some or all Actions will be produced in those Actions, and thus accessible by the parties to those Actions.  FHFA's Proposed Protective Order would not – and could not – deprive any party of access to relevant and responsive discovery, but would limit access by any Defendant to material that is, by definition, relevant to the Action(s) to which that Defendant is a party.

One of the fundamental purposes of a protective order is to ensure that documents produced in discovery are used only in the litigation in which they are produced.  Such provisions protect the producing party against the possibility that, in the absence of some legal process or other court order, the receiving party will share the documents of the producing party with some third party.  *See Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 75 (S.D.N.Y. 2010) (clarifying that the court's prior order "does not permit counsel to make unfettered use of any documents produced in one action in another related action … [and] does not entitle plaintiffs' counsel to use information produced in the instant litigation in another action against [the defendant] except perhaps to the extent that the information is otherwise discoverable in the other action and responsive to actual document requests served in that action."); *see also Sasu v. Yoshimura*, 147 F.R.D. 173, 176 (N.D. Ill. 1993) (finding "no right to use pretrial discovery in one case for the prosecution of another case"); *Acuna v. Rudzinski*, No. 00 C 5635, 2001 WL 1467529, at *5-7 (N.D. Ill. Nov. 16, 2001).

Defendants offer no principled basis for deviating from the standard use restriction in protective orders.  In fact, the only purported justification they offer in support of their position is that coordinated depositions will require that the Parties share documents across the Actions.

This purported justification is misplaced and unavailing.  Where a document that was produced in only one Action is introduced as an exhibit in a deposition attended by counsel from other Actions, the parties may agree that such counsel may remain present at the deposition but may not receive a copy of the particular exhibit or rely on such exhibit or deposition testimony regarding such exhibit for summary judgment or at trial.  Such procedures are set forth in sections 7.3(m) and 7.4(d) of the Proposed Protective Order, to which the parties have agreed, which provide that a Designating Party may grant permission to any other person to access Confidential and/or Highly Confidential material.  In any event, such logistical issues are best addressed in a deposition protocol and should be reserved for resolution at that time.  The mere possibility that coordinated depositions may present limited logistical issues in the future does not warrant such Defendants' proposed unorthodox departure from the standard use restriction in protective orders.[4]

### III.    Defendants' Proposed Provisions Allowing For Upward Designations Are Unjustified and Impractical

Defendants have insisted upon an extraordinary and unnecessary provision that would permit a party unilaterally to change upward the confidentiality designation of a document produced by *another* party (or non-party) where the document purportedly contains confidential information of the non-producing party.  *See* Defendants' Proposed Protective Order, Section

---

[4]    Defendants' position is also inconsistent with their attempt to limit FHFA's ability to access or use loan files other than "in an Action in which FHFA asserts a claim on a certificate backed by such loan(s)."  Defendants' proposed protective order would permit *Defendants* to share Discovery Material across all Actions, while limiting *FHFA*'s use of the loan files produced in discovery to only the Action in which such loan files were produced.  Such a one-sided arrangement is fundamentally unfair, and unsupported.  Consistent with Defendants' attempt to impose restrictions on FHFA's ability to use loan files, Defendants should be similarly limited in their use of discovery materials to the Action in which such materials are produced.

5.4.  Such a provision is not routinely included in protective orders,[5] serves no useful purpose,

and has the potential to make the tracking of designations and compliance with them untenable,

subverting the very purpose of confidentiality designations.

There is no justification for allowing one party to second-guess the producing party's

confidentiality designation.  Indeed, the only reason offered by Defendants in support of their

proposal for upward designations is the possibility that a producing party produces

"Confidential" or "Highly Confidential" information belonging to a particular Defendant.  As a

preliminary matter, it is difficult to imagine a circumstance under which one party possesses

truly confidential information of another party.  To the contrary, the mere fact that one party

possesses such information of another party renders such information unlikely to satisfy the

definition of "Confidential" or "Highly Confidential."[6]

In addition, Defendants' proposed provision allowing for upward designations has the

potential to result in discovery chaos.  First, allowing any party to designate the documents

produced by another party as "Confidential" or "Highly Confidential" has the potential to result

in over-designation of documents as "Confidential" or "Highly Confidential."  Moreover, such

upward designations could result in the same documents having potentially inconsistent

---

[5]  *See, e.g.*, Stipulation and Order for the Production and Exchange of Confidential Information, *In re Indymac Mortgage-Backed Securities Litigation*, 09-CIV-04583(LAK) (S.D.N.Y. Oct. 18, 2010) (to which several Defendants were signatories).

[6]  Indeed, the only circumstance under which one party would possess the confidential information of another party is if such information was provided to that party under the terms of a confidentiality agreement or protective order.  In such circumstances, the receiving party would be obligated to provide the producing party with notice prior to disclosing such information to another party.  Thus, a party seeking to protect the confidentiality of its own information that is in the possession of another party may invoke the notice provisions of the confidentiality agreement under which such information was originally produced.  If the information was produced without such an agreement, such information is unlikely to satisfy the definition of "Confidential" or "Highly Confidential."

confidentiality designations.  The burden of reconciling these different designations will be

borne primarily by FHFA, as it will receive productions from nearly 100 Defendants, each of

which could theoretically re-designate documents produced by another Defendant.  Thus,

because there is no justification for upward designations and because such designations have the

potential to result in inconsistencies and inefficiencies, Defendants' proposed provision should

be rejected.

**IV.     FHFA Must Have The Ability To Use Discovery Material To Disclose Potential and
          Actual Violations of Law and Carry Out Its Statutory Mandate**

Due to its unique role as a federal government agency, FHFA has proposed language that

clarifies that the Proposed Protective Order does not constrain it, as a government agency,[7] "from

undertaking its own regulatory or investigative action or disclosing to any federal governmental

or regulatory authority any actual or potential violation of law of which FHFA becomes aware

through its receipt of Discovery Material, or from disclosing such Discovery Material to that

authority."  (FHFA's Proposed Protective Order, Section 7.1.5).  FHFA's proposal is a narrow,

but necessary, exception to the broad use restriction that the parties have agreed upon, which

provides that Discovery Material may only be used for "the prosecution of, defense of, appeal of,

or attempted settlement of the Actions, or the enforcement of insurance rights with respect to the

Action(s), in which the material was produced."  (FHFA's Proposed Protective Order, Section

7.1.)

---

[7]   FHFA is as an "independent agency of the Federal Government," 12 U.S.C. § 4511(a),
charged with restoring the GSEs to financial health in the event of conservatorship, *id.* §
4617(b)(2)(B).  FHFA was appointed conservator of the GSEs on September 6, 2008.  Congress
empowered FHFA as conservator to "take such action as may be—(i) necessary to put the
[GSEs] in a sound and solvent condition," *id.*  § 4617(b)(2)(D), and to "take any action
authorized by [HERA], which [FHFA] determines is in the best interests of the [GSEs] or
[FHFA]," *id.* § 4617(b)(2)(J)(ii).

Under Defendants' proposal, FHFA would be placed in the untenable position of learning of potential or actual violations of law through discovery, yet being precluded from disclosing such violations to the appropriate authority.  Moreover, Defendants' proposal precludes FHFA from using the Discovery Material to carry out its *own* regulatory obligations.[8]  As a federal government agency, FHFA cannot be constrained in its ability to disclose actual or potential violations of law, or to take appropriate action on its own behalf, consist with its Congressional mandate.[9]  Other courts have recognized the unique role of a federal agency as a plaintiff and permitted the government to disclose violations of law and produce confidential information to other government agencies.  *See United States v. Nw. Airlines Corp.,* 98-CV-74611-DT, 1999 WL 34973961 (E.D. Mich. May 21, 1999) (entering a protective order, over the objections of defendant, that permitted the Department of Justice "to disclose material designated as Confidential or Highly Confidential to employees of the Executive Branch outside the Department of Justice, and [to] use such information for any valid law enforcement purpose."); *U.S. S.E.C. v. AA Capital Partners, Inc*., 06-51049, 2009 WL 3735880 (E.D. Mich. Nov. 3, 2009) ("The underlying SEC action is civil in nature. However, the allegations of fraud suggest possible criminal liability as well. If the documents requested in this subpoena are relevant to a

---

[8]  Defendants' proposal also constrains the Federal Housing Finance Agency Office of Inspector General ("FHFA-OIG"), whose mandate includes investigating fraud, waste, abuse, and misconduct involving federal housing programs and activities.  *See, e.g.,* FHFA-OIG Semiannual Report to the Congress, April 1, 2011, through September 30, 2011, available at http://www.fhfaoig.gov/Content/Files/second%20semiannual%20report.pdf.

[9]  Indeed, FHFA's employees are subject to affirmative ethical obligations under the federal regulations.  *See*, *e.g.*, 5 C.F.R. 2635.101(b)(11) ("Employees shall disclose waste, fraud, abuse, and corruption to appropriate authorities.").  The Office of Government Ethics has opined that the report 'waste, fraud, abuse, and corruption' in 5 C.F.R. 2635.101(b)(11) "encompasses an obligation to report a violation of a Federal statute."  Office of Government Ethics, 93 x 1, Letter to a Federal Official dated January 5, 1993, available at http://www.oge.gov/DisplayTemplates/ModelSub.aspx?id=1077.

criminal investigation, the proposed protective order would stymie the SEC in providing that information to the appropriate law enforcement agencies."); *Bayer-Onyx v. United States*, CIV.A. 08-693, 2010 WL 2925019 (W.D. Pa. July 20, 2010) (entering a protective order that included language proposed by the U.S. "that would allow Confidential Information to be passed by [the DOJ or IRS] 'to other Federal agencies and departments if the information indicates a violation or potential violation of law—criminal, civil, or regulatory in nature.'").

Public policy considerations, such as facilitating inter-agency cooperation in investigating and prosecuting fraud, also favor FHFA's proposal.[10]  In contrast, the only countervailing interest served by Defendants' proposal is the self-serving desire to avoid disclosure of any actual or potential violations of law committed by them, which is "hardly a ground for judicial protection of confidentiality."  *See Chem. Bank v. Affiliated FM Ins. Co.*, 154 F.R.D. 91, 94 (S.D.N.Y. 1994) ("Avoiding embarrassment may be a reason for a party to seek confidentiality. It is not by itself a valid reason for courts to uphold confidentiality as against a legitimate law enforcement need for the information. … hiding possible criminal violations from law enforcement authorities is hardly a ground for judicial protection of confidentiality." ).

Accordingly, FHFA respectfully requests that this Court adopt FHFA's proposed provision allowing it to use Discovery Material to disclose actual or potential violations of law and to carry out its statutory mandate, given its unique position as a federal agency.

---

[10]  In general, public policy favors disclosures to government authorities.  *Fomby-Denson v. Dep't of the Army*, 247 F.3d 1366, 1378 (Fed. Cir. 2001) ("[I]t is a long-standing principle of general contract law that courts will not enforce contracts that purport to bar a party . . . from reporting another party's alleged misconduct to law enforcement authorities . . . ."); *Lachman v. Sperry-Sun Well Surveying Co.*, 457 F.2d 850, 852 (10th Cir. 1972) (affirming dismissal of action for breach of non-disclosure provision where trial court based its decision on the grounds that "public policy 'will never penalize one for exposing wrongdoing'").

**V.    Non-Legal Personnel Of FHFA And a Limited Group of Other Federal Employees Should Be Permitted Access to Highly Confidential Material To Serve FHFA's Regulatory Mandate And To Assist In The Prosecution Of The Actions**

Because the rationale behind an "attorneys-eyes" only restriction is not applicable to FHFA, which is not a business competitor of Defendants, FHFA has proposed that Highly Confidential Materials may be disclosed to:  (i) a limited group of non-legal personnel at FHFA to whom disclosure is necessary for the prosecution of an Action(s); and (ii) any subject matter expert at a federal government or regulatory agency to whom the General Counsel of FHFA or his designee reasonably and in good faith believes that disclosure is necessary for the prosecution of an Action(s) or to carry out FHFA's regulatory function.  Moreover, FHFA's proposed provision makes clear that the "Parties understand and agree that Highly Confidential Material shall not be used for business advantage or competitive purposes."  (FHFA's Proposed Protective Order, Section 7.4(a)).

Defendants have attempted to limit disclosure of materials designated as Highly Confidential to attorneys for a party as opposed to non-legal business personnel of the party. Although such disclosure restrictions are common in protective orders among private litigants, they have no applicability here where Plaintiff is not engaged in a business that competes with Defendants.  Here, FHFA is in a unique position in that it is a federal government agency.  It does not participate, let alone, compete in the same businesses as Defendants or the GSEs. Rather, its role is one of regulator and conservator.  FHFA does not play "a part in the type of competitive decision-making that would involve the potential use of the confidential information. *Sullivan Mktg., Inc. v. Valassis Communications, Inc.,* 93 CIV. 6350 (PKL), 1994 WL 177795 (S.D.N.Y. May 5, 1994) (noting that the decision whether to permit in-house counsel access to documents designated attorneys-eyes-only "turns largely on the specific role of in-house counsel

within the business: whether he or she has a part in the type of competitive decision-making that would involve the potential use of the confidential information."). As such, the rationale justifying an attorneys-eyes only designation has no applicability to FHFA.

Nonetheless, in an effort to address Defendants' concerns, FHFA's proposed provision limits disclosure to a narrow and well-defined group of individuals and contains reasonable limitations on the use of the disclosed information. First, FHFA has proposed limiting disclosure of Highly Confidential Information to certain identified groups at FHFA to whom disclosure is necessary for the prosecution of an Action(s). Second, FHFA has proposed limiting disclosure of Highly Confidential Information to other government or regulatory agencies to whom the General Counsel of FHFA or his designee reasonably and in good faith believes that disclosure is necessary for the prosecution of an Action(s) or to carry out FHFA's regulatory function.

In their counter-proposal, Defendants have proposed that FHFA *and each Defendant* be permitted to share Highly Confidential information with up to five non-lawyers.[11] Defendants' tit-for-tat proposal makes little sense in light of the different roles of FHFA, an agency of the federal government and a regulator and conservator, versus the Defendants, re businesses and compete with one another and the GSEs. In contrast, FHFA does not compete in such markets with Defendants (or anyone else). There is no justification for prohibiting disclosure of Highly Confidential materials to the narrowly cabined group of government employees identified in

---

[11]   To the extent the Court accepts Defendants' proposal on this issue, FHFA respectfully submits that Defendants' proposal should be revised to permit disclosure of Highly Confidential information with up to five non-lawyers from *each of* FHFA, Fannie Mae, and Freddie Mac. As drafted, Defendants' proposal binds each GSE to the obligations of the proposed protective order, but excludes it from the five-person proposed exception to the disclosure of Highly Confidential material. If up to five business personnel at each Defendant can see the GSEs' Highly Confidential material, the GSEs themselves should have a reciprocal right.

FHFA's proposal, as such usage is only for governmental purposes unrelated to competitive business issues.

## CONCLUSION

For the reasons set forth above, FHFA respectfully requests that the Court enter FHFA's Proposed Protective Order.  FHFA is available at the Court's convenience to further discuss its proposal.

Dated:  April 26, 2012
            New York, New York


Respectfully submitted,


    /s/ Philippe Z. Selendy                          |     /s/ Marc E. Kasowitz
Philippe Z. Selendy                                  | Marc E. Kasowitz (mkasowitz@kasowitz.com )
(philippeselendy@quinnemanuel.com)                   | Hector Torres (htorres@kasowitz.com)
QUINN EMANUEL URQUHART &                              | Christopher P. Johnson (cjohnson@kasowitz.com)
    SULLIVAN, LLP                                     | Michael Hanin (mhanin@kasowitz.com )
51 Madison Avenue, 22nd Floor                        | Kanchana Wangkeo Leung
New York, New York 10010                             | (kleung@kasowitz.com)
(212) 849-7000                                       | KASOWITZ, BENSON, TORRES &
                                                     |     FRIEDMAN LLP
                                                     | 1633 Broadway
*Attorneys for Plaintiff Federal Housing Finance*    | New York, New York 10019
*Agency in FHFA v. UBS Americas, Inc., FHFA v.*      |
*JPMorgan Chase & Co., FHFA v. Deutsche Bank*        | *Attorneys for Plaintiff Federal Housing Finance*
*AG, FHFA v. Citigroup Inc., and FHFA v.*            | *Agency in FHFA v. Ally Financial Inc., FHFA v.*
*Goldman, Sachs & Co.*                               | *General Electric Company, FHFA v. Morgan*
                                                     | *Stanley, and FHFA v. SG Americas, Inc.*

    /s/ Christine H. Chung
Christine H. Chung
(christinechung@quinnemanuel.com)
QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorneys for Plaintiff Federal Housing Finance Agency in FHFA v. First Horizon National Corp., FHFA v. Bank of America Corp., and FHFA v. Credit Suisse Holdings (USA), Inc.*

    /s/ Manisha M. Sheth
Manisha M. Sheth
(manishasheth@quinnemanuel.com)
QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorneys for Plaintiff Federal Housing Finance Agency in FHFA v. UBS Americas, Inc., FHFA v. JPMorgan Chase & Co., FHFA v. Barclays Bank PLC, FHFA v. Citigroup Inc., and FHFA v. Merrill Lynch & Co., Inc.*

    /s/ Adam Abensohn
Richard A. Schirtzer
(richardschirtzer@quinnemanuel.com)
Adam Abensohn
(adamabensohn@quinnemanuel.com)
QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010

*Attorneys for Plaintiff Federal Housing Finance Agency in FHFA v. HSBC North America Holdings, Inc. and FHFA v. Nomura Holding America, Inc.*