```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :   11 Civ. 5201 (DLC)
                                        :   11 Civ. 6188 (DLC)
                                        :   11 Civ. 6189 (DLC)
FEDERAL HOUSING FINANCE AGENCY,         :   11 Civ. 6190 (DLC)
                                        :   11 Civ. 6192 (DLC)
                  Plaintiff,            :   11 Civ. 6193 (DLC)
                                        :   11 Civ. 6195 (DLC)
         -v-                            :   11 Civ. 6196 (DLC)
                                        :   11 Civ. 6198 (DLC)
                                        :   11 Civ. 6200 (DLC)
UBS AMERICAS INC., et al.,              :   11 Civ. 6201 (DLC)
                  Defendants;           :   11 Civ. 6202 (DLC)
                                        :   11 Civ. 6203 (DLC)
                                        :   11 Civ. 6739 (DLC)
And other FHFA cases.                   :   11 Civ. 7010 (DLC)
                                        :   11 Civ. 7048 (DLC)
                                        :
----------------------------------------X       ORDER
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/4/12

DENISE COTE, District Judge:

In an Opinion and Order of May 4, 2012, this Court denied the motion of UBS Americas and its affiliated entities to dismiss on timeliness grounds plaintiff's securities law claims in case number 11 Civ. 5201 (DLC) (the "UBS Matter"). On June 19, the Court certified the timeliness issue for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) (the "Certification Order"), and the Court of Appeals granted leave to appeal on August 14. The appeal will be heard no earlier than November 26, 2012.

In the meantime, pursuant to this Court's June 14 Pretrial Scheduling Order, document production in the above-captioned

cases is required to be substantially complete on September 30, 2012. Depositions are to begin in all cases in January 2013, and all fact and expert discovery in the UBS Matter must be concluded by June 14, 2013. Trial in the UBS Matter is scheduled to begin on January 13, 2014 at 9:30 a.m.

In a letter dated August 17, 2012, UBS seeks, for the first time, a stay of proceedings until the Court of Appeals has resolved the interlocutory appeal in the UBS Matter. The application is made on behalf of not only UBS but also all of the other defendants in the other fifteen related actions filed by the FHFA that are pending before this Court. Together, they seek a stay of all proceedings except for the briefing on the motions to dismiss in the fifteen related actions, or in the alternative, a stay of proceedings except for certain document discovery and the motions to dismiss.

In determining whether to grant a stay pending appeal, courts consider "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" S.E.C. v. Citigroup Global Markets, Inc., 673 F.3d 158, 162-63 (quoting Hilton v. Braunskill, 481

U.S. 770, 776 (1987)) (emphasis added).  The defendants have not shown that their applications for a partial stay should be granted.

First, defendants have fallen far short of making the requisite "strong showing" that they are likely to succeed on the merits of their appeal.  Although the Court found that an absence of controlling authority justified an interlocutory appeal in light of the potential utility of an appellate determination of these issues, for the reasons discussed at length in the Certification Order, the defendants' arguments in favor of reversal are weak at best.

Defendants' application is similarly deficient as concerns the other three stay factors.  Their irreparable injury argument hinges exclusively on the unnecessary discovery costs that they will have incurred if they are successful on appeal.  But, as plaintiff notes, it is well established that "[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury."  <u>Renegotiation Board v. Bannercraft Clothing Co.</u>, 415 U.S. 1, 24 (1974).

The two remaining factors -- injury to non-moving parties and the public interest -- come together in this case.  FHFA is a public agency charged by Congress with the "tak[ing] such action as may be . . . necessary to put the [GSEs] in a sound

3

and solvent condition." 12 U.S.C. § 4617(b)(2)(D). As such, this Court is "bound to give deference to [the] agency's assessment of the public interest" and "should not reject [that] assessment without substantial reason for doing so." Citigroup, 673 F.3d at 168.  In this case, FHFA has determined that the potential benefit to the taxpayer of bringing these cases swiftly to trial outweighs whatever harm might flow from the unnecessary expenditure of litigation resources -- on the part of both the agency and the defendants -- if this Court's May 4th Order were to be reversed on appeal.  That assessment is not unreasonable, particularly in light of the Court's own conclusion that the defendants' chances of succeeding in their appeal are remote.

There is also a public interest in allowing these cases to go forward that is independent of the identity of the plaintiff. The parties and this Court have invested substantial time, energy, and expense in coordinating pretrial proceedings in these sixteen actions and devising a discovery, motion practice and trial schedule organized in tranches that will generate the greatest efficiencies for all concerned.  The UBS Matter will be the first of the sixteen cases to complete discovery, to engage in summary judgment practice, and to proceed to trial.  As the Court has discussed with counsel, it is anticipated that the

4

experience in the UBS Matter will provide significant insight and guidance to the parties and counsel in the remaining fifteen cases. In the second trial tranche, scheduled for the summer of 2014, the two largest of the sixteen cases will proceed to trial. The third trial tranche will resolve the three next-largest cases in the fall of 2014. Any remaining cases will proceed to trial in early 2015. As this outline indicates, even without a stay this is already an extended schedule.

Thus, although the Certification Order was entered in only one case -- the UBS Matter -- a stay of that case would be profoundly unwise. The UBS Matter is the linchpin in the coordinated work in which all parties are engaged in this complex litigation. Any delay in the UBS Matter would have far reaching consequences for the management of this complex litigation. To grant a stay at this point in the litigation would derail the efforts undertaken to date by the Court and the parties and severely impact opportunities for settlement or coordinated resolution of these cases. A stay of all sixteen actions is even less warranted. Accordingly, it is hereby

ORDERED that the defendants' August 17 application for a stay pending appeal is denied.

Dated:  New York, New York
        September 4, 2012

                                    _____
                                           DENISE COTE
                                    United States District Judge